THE STATE, EX REL. HAINES, APPELLANT, *v.* INDUSTRIAL
COMMISSION OF OHIO, APPELLEE.

(No. 71-476—Decided January 26, 1972.)

16

*Messrs. Larrimer & Larrimer* and *Mr. Craig Aalyson*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. David J. Sherriff*, for appellee.

*Per Curiam.* This court has held on many occasions that the determination of disputed factual situations is within the final jurisdiction of the Industrial Commission, and subject to correction by action in mandamus only upon a showing of abuse of discretion. *Slatmeyer* v. *Indus. Comm.* (1926), 115 Ohio St. 654; *State, ex rel. Coen,* v. *Indus. Comm.* (1933), 126 Ohio St. 550; *State, ex rel. Moore,* v. *Indus. Comm.* (1935), 129 Ohio St. 195; *State, ex rel. Berry,* v. *Indus. Comm.* (1935), 129 Ohio St. 228; *State, ex rel. Wilms,* v. *Blake* (1945), 144 Ohio St. 619; *State, ex rel. Howard Eng. & Mfg. Co.,* v. *Indus. Comm.* (1947), 148 Ohio St. 165; *State* v. *Ohio Stove Co.* (1950), 154 Ohio St. 27; *State, ex rel. Reed,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 200.

Assuming that the excavation in question was a "floor

opening'' requiring guard railings or safety covers within the intendment of Bulletin No. 203, and that a violation of a specific requirement by the employer was thus established (an assumption apparently followed by the Court of Appeals), the explicit language of Section 35, Article II of the Constitution of Ohio, requires not only that there be a ''failure of the employer to comply with any specific requirement for the lives, health and safety of employes * * * in the form of an order adopted by such board [Industrial Commission],'' but also that the injury, disease or death ''resulted because of such failure by the employer.''

As a matter of constitutional interpretation, we reject the assertion of appellant that:

''Where a specific safety requirement has been violated and an accidental injury occurs under circumstances which permit a reasonable inference that compliance with the requirement could probably have avoided the injury (although the same facts might also permit the inference that the injury could have occurred despite compliance), an additional award is mandatory.''

The question of whether an injury, disease or death ''resulted because of such failure by the employer'' is a question of *fact* to be decided by the Industrial Commission, subject only to the ''abuse of discretion'' test.

As did the Court of Appeals, we conclude that the decision of the Industrial Commission that decedent's death ''was not caused by'' any violation of a specific safety requirement did not constitute an abuse of discretion on the part of the commission.

*Judgment affirmed.*

O'Neill, C. J., Herbert, Corrigan, Stern and Leach, JJ., concur.

Schneider, J., dissents.

Brown, J., not participating.