LAMBERT, APPELLANT, v. DALLY, APPELLEE.

(No. 784—Decided April 12, 1972.)

*Messrs. Marley & Marley,* for appellee.
*Mr. J. Stanley Needles,* for appellant.

COLE, J. This is an action in bastardy. After the jury verdict finding the defendant to be the father of the child

involved, a motion for new trial was filed by the defendant. This was granted by the trial judge who gave three reasons for his action.

1. The court erred in failing to grant defendant's motion for a directed verdict at the close of all the evidence.

2. The court erred in failing to rule on defendant's motion for a directed verdict.

3. The verdict was against the weight of the evidence.

From this order directing a new trial in the action, the appellant has appealed to this court. Although there are three assignments of error, they are directed to the reasons cited above and essentially raise the single question as to whether the court erred in granting a new trial.

The framework for the consideration of this issue has been recently and extensively analyzed by the Supreme Court in a case arising in this appellate district, *Rohde* v. *Farmer* (1970), 23 Ohio St. 2d 82.

In the third paragraph of the syllabus, it is stated:

"There is a basic difference between the duty of a trial court to submit a case to the jury where 'reasonable minds' could differ and the right of a trial court to grant a new trial on the basis of its conclusion that the verdict is not 'sustained by sufficient evidence.' The former does not involve any weighing of evidence by the court; nor is the court concerned therein with the question of credibility of witnesses. However, in ruling on a motion for new trial upon the basis of a claim that the judgment 'is not sustained by sufficient evidence' the court must weigh the evidence and pass upon the credibility of the witnesses, not in the substantially unlimited sense that such weight and credibility are passed on originally by the jury but in the more restricted sense of whether it appears to the trial court that manifest injustice has been done and that the verdict is against the manifest weight of the evidence."

In the opinion, it is said, at page 94:

"On the other hand, where the appeal is from the granting of a motion for new trial, and the trial court's decision on the motion for new trial involves questions of fact, it has been held that the appellate court should view

the evidence favorably to the trial court's action rather than to the original jury's verdict. * * *

"This rule of appellate review is predicated, in part, upon the principle that the discretion of the trial judge in granting a new trial on the weight of the evidence may be supported by his having seen and heard the witnesses and having formed a doubt as to their credibility, or having determined from the surrounding circumstances and atmosphere of the trial, that the jury's verdict resulted in manifest injustice. * * *" (Citations omitted.)

It thus appears that where the trial court has granted a motion for a new trial because he failed to direct a verdict, he is basically concerned with a question of law. Where, however, he grants the motion because it is against the manifest weight of the evidence, he is exercising his discretion predicated upon a weighing of the evidence. Here, both reasons are given and hence different standards must be applied to each reason.

The court states it should have directed a verdict at the close of the case.

"The court is authorized to direct a verdict only where, after construing the evidence most strongly in favor of the party against whom the motion is directed, it finds that upon any essential issue reasonable minds could come to but one conclusion upon the evidence submitted and that conclusion is adverse to such party. * * *" See also O'Day v. Webb (1972), 29 Ohio St. 2d 15. Rohde v. Farmer, supra, at 91.

This is not a question of credibility, of weighing the evidence, or of discretion. It constitutes the application of law to the most favorable view of the plaintiff's evidence. Here, there was evidence on the basic issues involved and definite testimony as to intercourse with the complainant by the defendant at a time which coincided with a basically normal period of gestation for complainant's child. The question propounded by the defendant is predicated upon his contention the intercourse did not come during complainant's "period of fertility" and hence could not have resulted in pregnancy. To establish this view of the facts, two things are required:

(a) The establishment of the scientific principle that intercourse during a "period of fertility" is essential to pregnancy, and the conditions defining this period; and

(b) That the conditions defining the period of fertility did not exist in this specific case.

The argument appears to be inappropriately applied in the instant case. There was no medical testimony to establish the scientific principle and its specific application other than the quotation by counsel of a paragraph from a medical authority. There was then no evidence before the jury for consideration as to the general principle involved. The question then becomes: Could the trial court take judicial notice of the principle so as to properly include it in his consideration as a motion for directed verdict? In 21 Ohio Jurisprudence 2d 76, Evidence, Section 63, it is stated:

"The rule that courts will take notice of whatever is generally known within the limits of their jurisdiction extends to matters of science involved in cases before them, provided the facts are sufficiently well known to come within the purview of judicial knowledge. * * *"

The medical question as to the duration and extent of the period of fertility would not appear to be a matter of such general knowledge and so sufficiently well known as to be subject to the principle.

Moreover, scientific texts are not customarily deemed evidence of the facts therein stated.

In *Piotrowski* v. *Corey Hospital* (1961), 172 Ohio St. 61, 69, the court quotes with approval the following statement from the earlier case of *Hallworth* v. *Republic Steel Corp.* (1950), 153 Ohio St. 349.

" 'Medical books or treatises, even though properly identified and authenticated and shown to be recognized as standard authorities on the subjects to which they relate, are not admissible in evidence to prove the truth of the statements therein contained.' "

The court stated further at page 69:

" * * * The bases for exclusion are lack of certainty as to the validity of the opinions and conclusions set forth, the technical character of the language employed which is

not understandable to the average person, the absence of an oath to substantiate the assertions made, the lack of opportunity to cross-examine the author, and the hearsay aspect of such matter. * * *''

It would appear similar considerations would dictate against the extension of judicial notice to a medical problem involving the variables inherent in reproductive processes.

However, irrespective of this issue involving the propriety and legality of consideration of the major premise in the argument, there is substantial difficulty with the minor premise. The medical authority quoted by appellee-defendant states: ''Characteristically one ovum is released each month. The process usually takes place midway in the menstrual cycle * * * .''

The statement therefore is predicated on a relatively regular monthly cycle. Though there is some evidence the complainant's periods were ''fairly'' regular (*i. e.,* 28 days) she further testified her period immediately preceding the month in which intercourse was alleged to have occurred extended only from August 15 to September 2 a period of 18 days, thus introducing a question of fact as to the applicability of the principle as stated.

We would conclude that there was evidence which would require submission of the cause to the jury and that the trial court was in error in granting a new trial for failure to grant a motion made by defendant for a directed verdict.

The second question, however, deals with the granting of a new trial because the verdict of the jury was against the manifest weight of the evidence. Here we deal not with a question of law but a question of sound discretion.

In *Rohde* v. *Farmer, supra,* the first paragraph of the syllabus states:

''Where a trial court is authorized to grant a new trial for a reason which requires the exercise of a sound discretion, the order granting a new trial may be reversed only upon a showing of abuse of discretion by the trial court.''

Here, the court as previously indicated would not be interpreting evidence in its most favorable light to complainant's case but would be weighing the evidence and concerned with the credibility of witnesses whose demeanor he had witnessed. Complainant's case was predicated upon complainant's testimony as to the date of intercourse. Between her original examination and her testimony at trial there is a material variance on this point which bears upon her credibility. The court, also, upon a consideration of the medical authorities may have considered a re-trial essential to justice to fully develop through proper testimony the medical issue presented as to the impossibility of conception during certain periods. We cannot say as a matter of law he abused his discretion in so doing. *Steiner* v. *Custer* (1940), 137 Ohio St. 448. The action of the trial court cannot be said to be unreasonable, arbitrary or unconscionable as a matter of law.

The third reason of the trial court given for granting the motion—that he failed to act at all on the defendant's motion for a direct verdict—is no longer pertinent in the light of the foregoing and in all probability such act will not recur on a second trial.

*Judgment affirmed.*

GUERNSEY, P. J., concurs.

KERNS, J., concurs in the judgment only.

KERNS, J., of the Second Appellate District, sitting by designation in the Third Appellate District.