THE STATE, EX REL. CINCINNATI BELL, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Cincinnati Bell, v. Indus. Comm. (1978), 55 Ohio St. 2d 89.]

(No. 77-1415—Decided July 12, 1978.)

90

*Messrs. Frost & Jacobs* and *Mr. Robert A. Dimling*, for appellant.

*Mr. William J. Brown*, attorney general, and *Mr. John F. Livorno*, for appellee Industrial Commission.

*Messrs. Lindhorst & Dreidame* and *Mr. Thomas M. Tepe,* for claimant-appellee.

*Per Curiam.* Appellant contends that the Court of Appeals' denial of a writ of mandamus, directing the appellee to vacate that portion of its March 17, 1977, order awarding claimant partial disability compensation under R. C. 4123.57(C), was in error. The issue thus presented by the appellant is whether the claimant may receive partial disability compensation under R. C. 4123.57(C) in addition to compensation for permanent total disability under R. C. 4123.58 for his injury of August 14, 1974.

In *State, ex rel. Benton,* v. *C. & So. O. Elec. Co.* (1968), 14 Ohio St. 2d 130, this court stated, in the second and third paragraphs of the syllabus, as follows:

"2. A claimant cannot receive partial disability compensation under division (C) of Section 4123.57, Revised Code, in addition to compensation for permanent total disability under Section 4123.58, Revised Code, for the same injury.

"3. Where an employee suffers an injury resulting in the bilateral amputation of both hands, he is entitled to permanent total disability benefits under Section 4123.58, Revised Code, and such award precludes a further award for partial disability benefits under Section 4123.57, Revised Code, for the same injury."

In so finding, this court commented at the conclusion of its opinion, at page 133, as follows:

"This obviously unjust result, whereby a claimant's award is measured by the fortuity of the events contributing to his disability, is compelled by the unperceptiveness of the controlling legislation."

It is apparent, upon a perusal of *Benton, supra,* that the denial of partial disability compensation under R. C. 4123.57(C) was based upon the only possible legislative intention which could be gleaned from a reading *in pari materia* of R. C. 4123.58. At page 132 of *Benton, supra,* Justice Schneider said:

"* * * We hold that the latter statute [R. C. 4123.58] provides the maximum disability benefits allowable * * *."

More significantly, this court's reliance upon R. C. 4123.58 was further echoed in paragraph three of the syllabus heretofore quoted, wherein this court specifically held: "* * * [S]uch award [permanent total disability benefits under R. C. 4123.58] *precludes* a further award for partial disability benefits * * *." (Emphasis added.)

As noted by the Court of Appeals in its opinion, R. C. 4123.58, as applicable herein, was amended, effective November 16, 1973, to provide in pertinent part:

"The loss or loss of use of both hands or both arms, or both feet or both legs, or both eyes, or of any two thereof, constitutes total and permanent disability, to be compensated according to this section. *Compensation payable under this section for permanent total disability shall be in addition to benefits payable under division (C) of section 4123.57 of the Revised Code.*" (Emphasis added.)

In their "Summary of 1973 Enactments, January-September" the Ohio Legislative Service Commission, with respect to this amendment, states, at page 61:

"The act redefines the physical loss of both hands, both arms, both feet, both legs, both eyes, or any two thereof, to include loss of use as a condition constituting permanent total disability and *stipulates that the permanent total compensation payable for such loss is additional to any scheduled loss liability.*"

In addition to which one authority has stated the following:

"The 1973 amendment to §4123.58, R. C., the permanent total disability section, provides that permanent total compensation is to be in addition to the scheduled loss of member benefits provided in §4123.57(C), R. C., 135 Ohio Laws H. 417. The effect of the amendment is to negate the holding of the Court in *ex rel. Benton,* cited in the text." Young's Workmen's Compensation Law of Ohio, Section 7.26, 1977 Supplement, at page 58.

Upon an analysis, it is thus evident that the General

Assembly, by its 1973 amendment to R. C. 4123.58, not only vitiated the source of the legislative reference of preclusion relied upon in *Benton, supra,* but explicitly provided that an award under that section shall be in addition to an award under R. C. 4123.57(C). Moreover, finding no explicit prohibition within R. C. 4123.57(C) that would prevent an award for the claimant's loss of each leg, when there is a simultaneous amputation of both legs, we are constrained to concur with the appellee's and Court of Appeals' determination that the General Assembly amended the statute to rectify the unfairness underscored by *Benton, supra.* Acceptance of appellant's argument[2] not only would be contrary to the expressed mandate of the General Assembly, but would again lead to the "obviously unjust result, whereby a claimant's award is measured by the fortuity of the events contributing to his disability."[3]

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

O'NEILL, C. J., HERBERT, CELEBREZZE, W. BROWN, P. BROWN, SWEENEY and LOCHER, JJ., concur.

---

[2]Appellant basically argues that claimant should not receive benefits pursuant to R. C. 4123.57(C) because claimant by losing two legs simultaneously was instantly permanently disabled and never came within the purview of R. C. 4123.57(C).

[3]*State, ex rel. Benton,* v. *C. & So. O. Elec. Co.* (1968), 14 Ohio St. 2d 130, at page 133.