THE STATE, EX REL. KANTER CORP., APPELLEE, *v.* STRINGER, ADMR., ET AL., APPELLANTS.

[Cite as State, ex rel. Kanter Corp., v. Stringer (1981), 67 Ohio St. 2d 8.]

(No. 80-1122—Decided July 1, 1981.)

**10**

*Mr. William Luke Leonard,* for appellee.

*Mr. William J. Brown,* attorney general, *Mr. Bradley J. Finn,* for appellants.

*Mr. Stewart R. Jaffy,* for Ohio AFL-CIO.

HOLMES, J. R. C. 4123.89 provides for an additional award of 100 percent of the maximum award established by law, to any minor whose injury, occupational disease or death is caused by working in any employment prohibited by law.[1] Here, the Industrial Commission found that claimant's injury was caused by employment which is prohibited by (former) R. C. 4109.12(D) and (U).[2] Accordingly, the commission al-

---

[1] The relevant portion of R. C. 4123.89 reads:

"When it is found upon hearing by the industrial commission that an injury, occupational disease, or death of a minor working in employment which is prohibited by any law enacted by the general assembly was directly caused by a hazard of such prohibited employment, the commission shall assess an additional award of one hundred per cent of the maximum award established by law, to the amount of the compensation that may be awarded on account of such injury, occupational disease, or death, and paid in like manner as other awards. If such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award."

[2] At the time of claimant's injury, the relevant portion of R. C. 4109.12 read:

"No child under eighteen shall be employed or permitted to work:

"* * *

"(D) In oiling or cleaning machinery in motion;

"* * *

"(U) In the operation of motor vehicles and work as a helper thereon, except the following:

"(1) Farm tractors and self-propelled farm equipment;

"(2) Farm trucks operated by a child with the permission of his parent or guardian;

"(3) Motor vehicles operated in connection with employment which is incidental to a bona fide program of vocational cooperative or special education training which meets the standards of the state board of education;

lowed claimant an additional award of 100 percent of the maximum award established by law.

The courts below ruled that R. C. 4123.89 conflicts with Section 35, Article II of the Ohio Constitution because it mandates an additional award in excess of 50 percent.

In part, Section 35 of Article II authorizes the Industrial Commission to make an additional award to any employee whose injury, disease or death results from the employer's failure to comply with a specific health or safety requirement enacted by the General Assembly or adopted by the Industrial Commission.[3] However, Section 35 limits the additional compensation to not less than 15 percent nor more than 50 percent of the maximum award established by law.

Appellants argue that there is no conflict between R. C. 4123.89 and the Constitution. They assert that R. C. 4123.89 was not enacted to provide for specific safety requirements; rather, it provides for additional payments to minors injured when they are engaged in prohibited employment.

"(4) Operation of automobiles or trucks not exceeding six thousand pounds gross vehicle weight if such driving is restricted to day light hours on the private premises of his employer, and is incidental to the child's employment for other purposes, provided the child holds a state license valid for the type of driving involved in the job which he performs, has completed a state approved driver education course, and that the vehicle is equipped with a seat belt or similar device for the driver and each helper, and the employer has instructed each child in the use thereof. This subdivision is not applicable to any occupation of motor vehicle driver which involves the towing of vehicles or the operation of motor vehicles on any public road or highway."

R. C. 4109.12 has since been repealed. (137 Ohio Laws 3602, 3612.)

[3] The relevant portion of Section 35 of Article II reads:

"***Such board shall have full power and authority to hear and determine whether or not an injury, disease or death resulted because of the failure of the employer to comply with any specific requirement for the protection of the lives, health or safety of employees, enacted by the General Assembly or in the form of an order adopted by such board, and its decision shall be final; and for the purpose of such investigations and inquiries it may appoint referees. When it is found, upon hearing, that an injury, disease or death resulted because of such failure by the employer, such amount as shall be found to be just, not greater than fifty nor less than fifteen per centum of the maximum award established by law, shall be added by the board, to the amount of the compensation that may be awarded on account of such injury, disease, or death, and paid in like manner as other awards; and if such compensation is paid from the state fund, the premium of such employer shall be increased in such amount, covering such period of time as may be fixed, as will recoup the state fund in the amount of such additional award, notwithstanding any and all other provisions in this constitution."

We do not agree with this position because it ignores both the legislative history of R. C. 4123.89 and the limitations placed upon the General Assembly by Section 35 of Article II.

In *State, ex rel. Trydle, v. Indus. Comm.* (1972), 32 Ohio St. 2d 257, this court held that R. C. 4109.12(D) and (U) were not specific safety requirements, and a minor who was injured as a result of their violation was not entitled to an additional award pursuant to Section 35 of Article II. In 1973, at its next session, the General Assembly responded to *Trydle* and amended R. C. 4123.89 by adding the language relevant to this dispute.[4] (135 Ohio Laws 1690, 1719.) See, also, Young, Workmen's Compensation Law (2 Ed. 1980 Cum. Supp.), 63, Section 19.10.

The Court of Appeals ruled, and we agree, that the effect of the 1973 amendment to R. C. 4123.89 was to overrule, legislatively, this court's decision in *Trydle*. By amending R. C. 4123.89, the General Assembly exercised its prerogative and made sections of the Revised Code, which prohibit the employment of minors in certain areas, specific safety requirements.

To adopt the appellants' reading of R. C. 4123.89 would bring its validity entirely into doubt. Section 35 of Article II authorizes the enactment of laws establishing a system of workers' compensation. The Constitution authorizes two types of payments to be made to workers' compensation and, in the appropriate case, an additional award for violation of a specific safety requirement. Other than compensation or an additional award for violation of a specific safety requirement, an employer may not be liable for damages under the common law or statute.[5] If, as appellants argue, R. C. 4123.89 does not establish specific safety requirements, then it is constitutional only if the payment can be termed compensation.

We believe that a payment made pursuant to R. C.

---

[4] The language, added by amendment, is quoted fully at fn. 1, *supra.*

[5] The relevant portion of Section 35 of Article II, reads:

"****Such compensation shall be in lieu of all other rights to compensation, or damages, for such death, injuries, or occupational disease, and any employer who pays the premium or compensation provided by law, passed in accordance herewith, shall not be liable to respond in damages at common law or by statute for such death, injuries or occupational disease.****"

4123.89 cannot be termed "compensation." "Compensation" looks to the needs of the injured party with the goal of making that person whole. See Black's Law Dictionary (5 Ed.). R. C. 4123.89 does not look to the needs of the injured employee; rather, its focus is upon the employment in which the employee was engaged when injured. This payment may be likened to a penalty for the breach of laws enacted for the safety of minor employees. If two minor employees suffer similar injuries, one engaged in prohibited employment and the other not, only the one engaged in prohibited employment can receive an additional award under R. C. 4123.89.[6]

Therefore, were we to agree with the appellants that R. C. 4123.89 does not establish safety requirements, we would be compelled to hold the entire additional award provision unconstitutional, since an employer may not be held liable for damages under either the common law or statute other than as provided by Section 35 of Article II. However, we hold that R. C. 4123.89 establishes specific safety requirements within the meaning and limitations of Section 35 of Article II. In that such constitutional section provides that the award to a claimant for a violation of a specific safety requirement may not exceed 50 percent of the maximum award established by law, any excess thereof would be in violation of this constitutional provision, and is therefore unconstitutional.

Accordingly, we affirm the judgment of the Court of Appeals.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN and LOCHER, JJ., concur.

SWEENEY and C. BROWN, JJ., dissent.

CLIFFORD F. BROWN, J. dissenting. It is my view that both lower courts should be reversed and that the additional award to claimant of 100 percent of the maximum established by law which was granted by the Industrial Commission should be reinstated. That additional award was for an injury

---

[6] There are other areas of the workers' compensation laws where payments to injured workers vary from worker to worker. See, *e.g.,* R. C. 4123.57(D), 4123.58, 4123.59, 4123.61. However, in those situations the focus is on the needs and resources of the worker, rather than the actions of the employer as is the case here.

to the minor claimant, Lawrence Sirk, directly resulting from prohibited employment of a minor, a violation of (former) R. C. 4109.12(D) and (U).

R. C. 4123.89 (see footnote 1) is not a specific safety violation award. Rather, this statute is a way to implement the General Assembly's goal, *i.e.*, to discourage placement of minors in prohibited employments. It was designed solely to aid minors who were injured in prohibited work, and is not a "specific requirement for the protection of lives, health or safety of employees" as described in Section 35 of Article II, Ohio Constitution (see footnote 3). The specific safety requirements spelled out in that section of the Constitution create a distinct category of injuries completely separate from the right of claimant to a recovery under R. C. 4123.89.

By referring only to "injury***of a minor working in employment which is prohibited by any law," the drafters of R. C. 4123.89 contemplated injury caused by a hazard of prohibited employment. They made no reference to any specific safety requirement. Therefore, I find Section 35, Article II, totally inapposite.[7]

Second, neither R. C. 4123.89, nor the related statute, R. C. 4109.12, relates to the specific safety requirements referred to in Article II, Section 35 of the Ohio Constitution, since such requirements must be specific so as to fully apprise the employer of his legal obligation. *State, ex rel. Holdosh, v. Indus. Comm.* (1948), 149 Ohio St. 179. R. C. 4123.89 merely imposes a penalty upon the employer who violates R. C. 4109.12 by illegally employing a minor in cases where that employment results in injury. Although this "penalty" authorizes additional compensation to the minor, it is not a

---

[7] The legislative history of R. C. 4123.89 also supports this conclusion. The Summary of 1973 Enactments, January-September, prepared by the Ohio Legislative Service Commission, made no reference to safety awards, but states with reference to R. C. 4123.89 as follows:

"Penalty award. If a minor who is illegally employed is injured, he is to be awarded 100 per cent more than the maximum award established under law, with the cost payable by the employer involved."

Such Legislative Service Commission summaries are often used by this court to determine legislative intent. *Weiss* v. *Porterfield* (1971), 27 Ohio St. 2d 117, 120; *ITT Canteen Corp.* v. *Porterfield* (1972), 30 Ohio St. 2d 155, 158; and *State, ex rel. Cincinnati Bell,* v. *Indus. Comm.* (1978), 55 Ohio St. 2d 89, 92.

specific safety requirment. Article II, Section 35, does not restrict the General Assembly from enacting laws under its police power for the protection of its minor citizens.

Finally, I disagree with this court's conclusion today that the 1973 amendment of R. C. 4123.89, in effect, legislatively overruled our holding in paragraph one of the syllabus in *State, ex rel. Trydle,* v. *Indus. Comm.* (1972), 32 Ohio St. 2d 257, which states:

"The term, 'specific requirement,' as used in Section 35, Article II, of the Constitution of Ohio, does not comprehend a general course of conduct or general duties or obligations flowing from the relation of employer and employee, but embraces such lawful, specific and definite requirements or standards of conduct as are prescribed by statute or by orders of the Industrial Commission, and which are of a character plainly to apprise an employer of his legal obligation toward his employees."[8]

I can find nary a word in R. C. 4123.89, as amended in 1973, to indicate the General Assembly intended to overrule, legislatively, *Trydle, supra.* It is this court, today, which is impliedly, though not expressly, overruling the cogent reasoning underlying paragraph one of the syllabus in *Trydle.* Such an effect is unjustified and regrettable.

SWEENEY, J., concurs in the foregoing dissenting opinion.

---

[8] Our reasoning in support of syllabus one in *Trydle, supra,* is revealed, at page 261, in the opinion, as follows:

"A majority of this court concludes, as did the Court of Appeals, that the obvious design of R. C. 4109.12(D) is to protect children under 18 by excluding them from employment 'in oiling or cleaning machinery in motion.' The statute is not designed to protect such children in the performance of assigned duties in connection with employment, but rather is designed to exclude them from being assigned such tasks in connection with employment. Accordingly, we conclude that R. C. 4109.12(D) is not a specific requirement for the protection of the lives, health or safety of employees within the meaning of those words as used in Section 35, Article II, Ohio Constitution."