THE STATE, EX REL. PHILLIPS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Phillips, *v.* Indus. Comm. (1983), 5 Ohio St. 3d 202.]

(No. 82-847—Decided June 22, 1983.)

Mr. *Michael J. Muldoon,* for appellant.

Mr. *William J. Brown,* attorney general, and Mr. *Richard J. Forman,* for appellee Industrial Commission.

Messrs. *Thompson, Hine & Flory* and Mr. *Henry B. Bruner,* for appellee Hobart Corp.

*Per Curiam.* This court has consistently held that the determination of factual issues is within the sound discretion of the Industrial Commission. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956), 166 Ohio St. 47 [1 O.O.2d 190]. Mandamus is available only upon a showing of abuse of discretion. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15 [58 O.O.2d 70]. Where the record contains some evidence to support their factual findings, the decision of the commission will not be disturbed. *State, ex rel. Humble,* v. *Mark Concepts, Inc.* (1979), 60 Ohio St. 2d 77 [14 O.O.3d 275]. Appellant maintains that Dr. Moyes' report is not evidence that he suffers from no permanent disability. We disagree.

Dr. Moyes' report stated that appellant's disability was one percent at most and temporary in nature. Appellant argues first that these conclusions should not be considered at all because they were drawn in an examination conducted for the purpose of determining permanent *total* disability. The report, however, is couched in terms conducive to a general determination of disability. It was properly considered.

In addition, appellant argues that, even if properly considered, Dr. Moyes' report is not evidence that he was not permanently disabled. This characterization, "1% at most," implicitly includes zero. Although the evidence supporting the commission's conclusion appears only by way of in-

ference, the law of Ohio, as stated above, requires no more. What can be inferred from Dr. Moyes' report clearly is evidence that relator was not permanently disabled. No abuse of discretion has been shown. The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C.J., W. BROWN, SWEENEY, LOCHER, HOLMES, C. BROWN and J. P. CELEBREZZE, JJ., concur.

CLIFFORD F. BROWN, J., concurring. I concur in the result reached by the court in this case. However, I must again express my disapproval with the use and dependence on the empty test of "some evidence" and all its related citations. (See my dissent in *State, ex rel. Kilburn,* v. *Indus. Comm.* [1982], 1 Ohio St. 3d 103, at 105-106; and my concurrences in *State, ex rel. Berry,* v. *Indus. Comm.* [1983], 4 Ohio St. 3d 193, at 196, and *State, ex rel. Paragon,* v. *Indus. Comm.* [1983], 5 Ohio St. 3d 72, at 77.)