THE STATE, EX REL. COSS, INC., APPELLANT, v. INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Coss, Inc., v. Indus. Comm. (1988), 39 Ohio St. 3d 350.]

(No. 87-2076—Submitted August 19, 1988—Decided November 23, 1988.)

*Irvin J. Zipperstein,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, and *Jenice R. Golson,* for appellee Industrial Commission.

*Timothy G. Chasser,* for appellee Mayo.

*Per Curiam.* Mandamus will not lie unless the commission has abused its discretion by issuing an order unsupported by some evidence in the record. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. In making a VSSR award, the commission must determine that a claimant's injury resulted from the employer's failure to comply with a specific safety requirement. Section 35, Article II of the Ohio Constitution; *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 58 O.O. 2d 70, 278 N.E. 2d 24.

Appellant contends there is "no evidence" supporting a causal relationship between appellee's injury and appellant's alleged violations, *i.e.,* failure to have a certificate of operation and proper lighting. Its contention is not persuasive.

Regarding the operation certificate, appellant contends that: (1) Ohio Adm. Code 4121:1-1-02(C) is unconsti-tutional as being a denial of due process; (2) Ohio Adm. Code 4121:1-1-02 (C) is inapplicable here; and (3) in the alternative, appellant is exempted from this provision by Ohio Adm. Code 4121:1-1-02(C)(3). These arguments are without merit.

As to its first argument, appellant contends that Ohio Adm. Code 4121:1-1-02(C) creates an irrebuttable presumption as to causal relationship and thus deprives it of due process. We do not find the presumption irrebuttable and thus do not find the contention to be persuasive. Ohio Adm. Code 4121:1-1-02(C) rests on the premise that a valid certificate of operation indicates that minimum safety standards have been met. Conversely, the lack of a certificate implies the opposite. If an injury or death involves the latter situation, it is presumed that the injury or death was due to a safety deficiency. The employer, however, is given two chances to rebut this presumption. It can show, under Ohio Adm. Code 4121:1-1-02(C)(1) and (2), that the elevator was not presumptively unsafe, or it may challenge the causative presumption by establishing that the elevator's deficiencies did not contribute to the injury or death. Ohio Adm. Code 4121:1-1-02(C)(3). Appellant's contention is thus not well-taken.

Next, as to the applicability issue, Ohio Adm. Code 4121:1-1-02(C) provides:

"No elevator of an employer may be operated without a currently valid certificate of operation, issued by the department of industrial relations of the state, or similar authorization issued by a municipality having jurisdiction to do so. In the absence of a currently valid certificate or authorization, an injury or death of an employee incurred by reason of an elevator of the employer shall be presumed to be

due to the violation of this specific safety requirement. Such presumption may be rebutted if the employer shows that the absence of the certificate or authorization was due to factors beyond the control of the employer for one or more of the following reasons: * * *."

Appellant concedes that there was no operating certificate. It contends, however, that Ohio Adm. Code 4121:1-1-02(C) is inapplicable as the injury was not "incurred by reason of an elevator" nor did it arise out of its "operat[ion]." Appellant interprets the terms "elevator" and "operated" too narrowly. Ohio Adm. Code 4121:1-1-01(A) adopts the definition of "elevator" contained in R.C. 4105.01 (A), which states:

" 'Elevator' means a hoisting and lowering apparatus equipped with a car, cage, or platform which moves on or between permanent rails or guides and serves two or more fixed landings. 'Elevator' includes * * * all equipment, machinery and construction related to any elevator * * *."

We find that an elevator shaft is "construction related to any elevator." Since the term "elevator" is not strictly limited to the car, we do not find that VSSR liability is confined only to those injuries occurring in, or caused by, the car. Similarly, we find that "elevator * * * operat[ion]" is not exclusively restricted to "car operation." Thus, the mere fact that the car was stationary at the time of appellee's fall does not establish that the injury did not occur during "operat[ion]."

In the alternative, appellant argues that even if Ohio Adm. Code 4121:1-1-02(C) is applicable, it is exempted from this code provision by Ohio Adm. Code 4121:1-1-02(C)(3). This argument is, again, not well-taken. The presumption of causal relationship contained in Ohio Adm. Code 4121:1-1-02(C) is rebutted if the employer shows, under Ohio Adm. Code 4121:1-1-02(C)(3), that "the inspecting authority had inspected the elevator and no deficiency noted in the inspection report contributed to the injury or death."

The commission relied on the report of its investigator. Attached to the investigator's report is the June 14, 1982 report of the Department of Industrial Relations, Division of Elevator Inspection, stating: "[p]it light, pit light switch, pit stop switch and pit ladder shall all be properly installed * * *. Keyplate shall be replaced with hoist way door key opening as required. Elevator shall not be put in service until violations are corrected and certificate post[ed]." While the inspection report does not refer to causal relationship, it cites numerous deficiencies sufficient to warrant an elevator system shutdown. From these reports, the commission arrived at its conclusion that a causal relationship existed. The evidence of the lack of lighting constitutes "some evidence" to support the commission's determination that the Ohio Adm. Code 4121:1-1-02(C)(3) exception did not apply.

Based on the foregoing, we find that Ohio Adm. Code 4121:1-1-02(C) is controlling. We additionally find some evidence to support the commission's determination that appellee's injury was causally related to appellant's failure to comply with that code provision. Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, LOCHER, DOUGLAS, WRIGHT and H. BROWN, JJ., concur.

HOLMES, J., dissents.