THE STATE, EX REL. BAYLESS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Bayless, *v.* Indus. Comm. (1990), 50 Ohio St. 3d 148.]

(No. 89-86—Submitted February 20, 1990—Decided April 18, 1990.)

*Robert J. Perry & Associates* and *Joseph C. Mastrangelo,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael L. Squillace* and *Teresa Oglesby McIntyre,* for appellee Industrial Commission.

*Arter & Hadden, Douglas M. Bricker* and *Judith E. Trail,* for appellee Delhi Industrial Products.

*Per Curiam.* To successfully assert a VSSR, a claimant must establish that the employer's violation of a specific safety requirement proximately caused his or her injury. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 58 O.O. 2d 70, 278 N.E. 2d 24. Appellant opposes the commission's factual determination and its failure to rule on the issue of employer noncompliance. Neither challenge has merit.

As to the former, resolution of disputed factual situations lies with the commission. *State, ex rel. Allied Wheel Products, Inc.,* v. *Indus. Comm.* (1956),

166 Ohio St. 47, 1 O.O. 2d 190, 139 N.E. 2d 41. As long as its decision is supported by "some evidence," the commission has not abused its discretion. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31 Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936. In the present case, Rowbottom's testimony is "some evidence" supporting the commission's factual decision. The presence of contrary evidence is irrelevant since we will not reweigh evidence. *Burley.*

Appellant also suggests that the commission's factual determination does not excuse the commission from deciding whether Delhi satisfied Ohio Adm. Code 4121:1-5-05(D)(2). This argument, too, is unpersuasive.

Contrary to appellant's suggestion, the commission need not address employer compliance before it may reach proximate cause. Once either element is defeated, further analysis is unnecessary. Here, the commission found no causal relationship between the specific safety requirement and the injury and went no further.

Examining a similar causal question, the appellate court in *State, ex rel. Watson,* v. *Indus. Comm.* (1986), 29 Ohio App. 3d 354, 357, 29 OBR 483, 486, 505 N.E. 2d 1015, 1018, observed that a corollary to an allegation that noncompliance caused injury is a finding that compliance would have prevented it. In the case at bar, the commission could not reach this latter conclusion, because it found that appellant's injury would have occurred in the same manner and to the same extent regardless of employer compliance or noncompliance. It thus found no proximate causal relationship.

Accordingly, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.