[This opinion has been published in *Ohio Official Reports* at 84 Ohio St.3d 259.]

THE STATE EX REL. QUALITY STAMPING PRODUCTS, APPELLANT, *v.* OHIO BUREAU OF WORKERS' COMPENSATION ET AL., APPELLEES.

[Cite as *State ex rel. Quality Stamping Products v. Ohio Bur. of Workers' Comp*., 1998-Ohio-325.]

*Workers' compensation—Employment of minors—R.C. 4109.02, 4109.05, and 4109.06 are specific safety requirements—Mandamus ordering Industrial Commission to vacate its order granting claimant's application for additional compensation based on the violation of a specific safety requirement denied, when.*

(No. 96-419—Submitted November 10, 1998—Decided December 30, 1998.)

APPEAL from the Court of Appeals for Franklin County, No. 95APD 02-248.

————————————

*Roetzel & Andress, Robert E. Blackham, Daphne White Huntley* and *Timothy J. Webster*, for appellant.

*Betty D. Montgomery*, Attorney General, and *Lisa A. Sotos,* Assistant Attorney General, for appellees.

————————————

*Per Curiam.*

{¶ 1} Quality Stamping Products ("Quality Stamping"), appellant, seeks a writ of mandamus ordering appellee Industrial Commission of Ohio to vacate its order granting claimant Kajetan J. Koziol's application for additional compensation based on the violation of a specific safety requirement ("VSSR"). The Court of Appeals for Franklin County denied the writ, finding that the commission had not abused its discretion in granting the award. We affirm.

**{¶ 2}** In December 1987, Koziol injured his left hand severely while operating a power press for Quality Stamping. His workers' compensation claim was allowed for "traumatic amputation left hand." Koziol was only sixteen years old at the time of his industrial injury.

**{¶ 3}** Koziol's VSSR application explained the nature and effect of his injury. The application also charged Quality Stamping with having violated "ORC [Chapter] 4109, Employment of Minors," and various safety regulations. On January 23, 1992, the commission found that Quality Stamping had violated Ohio Adm.Code 4101:9-2-11, which absolutely prohibits minors from operating a power press without automatic feed and ejection features, like the one that crushed Koziol's hand. Koziol's VSSR application did not specify a violation of Ohio Adm.Code 4101:9-2-11.

**{¶ 4}** Quality Stamping challenged the VSSR award in an earlier mandamus action before the court of appeals. That action was ultimately dismissed without explanation by agreed stipulation. The entry of stipulated dismissal provided:

"Whereas * * * Industrial Commission of Ohio * * * agrees to vacate its order of 1-23-92 and to place the matter on the hearing docket for VSSR claims for consideration only of whether [Quality Stamping] violated the requirements specified in paragraph 6 of claimant's application, the parties hereto, through counsel, stipulate that this action is dismissed without prejudice."

**{¶ 5}** In compliance, the commission held another hearing on Koziol's VSSR application. In the order that underlies this appeal, a commission hearing officer again found VSSR liability, explaining:

"It is * * * the finding of the Staff Hearing Officer that the claimant's injury was the result of the employer's hiring of a minor without verifying his date of birth or completion of high school, as required by R.C. [Chapter] 4109, R.C. 4109.02, R.C. 4109.05 and R.C. 4109.06.

"It is therefore ordered that an additional award of compensation be granted to the claimant in the amount of 50 per cent of the maximum weekly rate under the rule *of 'State ex rel. Engle v. Industrial Commission'*, 142 Ohio St. 425 [27 O.O. 370, 52 N.E.2d 743].

"Reliance for this decision is placed [on] the sworn statement of employer's personnel director Kenneth Nayman wherein he stated that he asked claimant's age before hiring him, the claimant provided him with a false date of birth, that he made no effort to verify claimant's date of birth, and the * * * form [the] employer uses does not even provide for the verification of employee's [*sic*] ages. Reliance is also placed [on] claimant's birth certificate a facsimile whereof is on file.

"Claimant has freely admitted to having lied about his age when seeking employment, and he has further freely admitted to having failed to use safety devices provided by employer. The Legislature, however, has established a public policy of protecting minors from dangerous employment in part out of recognition of the reckless proclivities of youth. The Commission rules employer may not avail itself of the defenses available to employers of adult workers in the same fact situation. The Commission rules that claimant's youthful folly proximately caused his industrial injury, and that avoidance of such youthful folly and its consequences, as well as the furtherance of formal education, was the direct objective of the Legislature's prohibition.

" * * *

"Claimant's Application cites Chapter 4109 of the Revised Code and specifically recites that the same refers to the 'employment of minors.' Employer was on notice of that aspect of this Application.

"Article II, Section 35 of Ohio's Constitution specifically empowers the Industrial Commission to enforce safety legislation as well as its own regulations.

"R.C. 4123.89 is not itself a safety requirement. Therefore, it need not be cited with specificity in claimant's Application, though articulation of the formula

'employment of minors' therein certainly places any literate reader on notice of the gist of claimant's allegations. R.C. 4123.89, however, does specify how the Industrial Commission is to implement enforcement of R.C. [Chapter] 4109, its sections, and subsections.

"R.C. 4109.06 provides with specificity the only circumstances under which a minor may be employed on hazardous equipment. It is clear that this claimant's situation does not fall under these exceptions.

"Employer's defense that R.C. [Chapter] 4109's criminal sanctions are exclusive and immunize it from administrative liability is fascinating but unsupported by statutory or case law.

" * * * It is noted that Chapter 4109, like Chapter 4301 of the Revised Code, shifts the burden of proof to the employer once the minority of the injured worker is established.

" * * *

"Claimant's Application filed November 17, 1989 is GRANTED to the extent of this order.

" * * *

"The finding and order are based on the Investigation Report, Division of Safety and Hygiene, the evidence in file and evidence adduced at hearing."

{¶ 6} Quality Stamping requested the instant writ after the commission refused its request for rehearing. The court of appeals denied relief, effectively holding that (1) Koziol's VSSR application provided Quality Stamping with sufficient notice prior to the commission's finding of the R.C. 4109.02, 4109.05 and 4109.06 violations; and (2) Quality Stamping caused Koziol's injury by hiring and employing a minor in violation of these statutes. We agree with the court of appeals.

{¶ 7} Section 35, Article II of the Ohio Constitution authorizes additional awards to claimants injured by an employer's failure to comply with specific safety

requirements. This protection extends to minors employed in violation of child safety and welfare laws by operation of R.C. 4123.89, which makes such laws specific safety requirements within the meaning of the Constitution. *State ex rel. Kanter Corp. v. Stringer* (1981), 67 Ohio St.2d 8, 13, 21 O.O.3d 5, 8, 424 N.E.2d 282, 286. At the time of Koziol's injury, R.C. 4123.89 provided, in part:

"When it is found upon hearing by the industrial commission that an injury, occupational disease, or death of any minor working in employment which is prohibited by any law enacted by the general assembly was directly caused by a hazard of such prohibited employment, the commission shall assess an additional award of one hundred per cent of the maximum award established by law, to the amount of the compensation that may be awarded on account of such injury, occupational disease, or death * * *." 135 Ohio Laws, Part I, 1719.[1]

{¶ 8} The requirements and proscriptions in R.C. Chapter 4109 for the employment of minors, therefore, are specific safety requirements, the violation of which may generate additional awards to these claimants. But Quality Stamping complains that R.C. 4109.05 and 4109.06 do not specify any standard of conduct with which it has failed to comply. Quality Stamping also argues that R.C. 4109.02 is violated only when an employer acts recklessly in employing a minor, which it did not. We are not persuaded by either argument.

{¶ 9} R.C. 4109.05(A) directs the appellee Administrator of the Ohio Bureau of Workers' Compensation to promulgate rules prohibiting the employment of minors in occupations that are hazardous to their health. Ohio Adm.Code 4101:9-2-11 represents such a rule, which in subsection (A)(1)(b) prohibits employing minors to operate any power press without a fixed barrier guard and "full automatic feed and ejection." Correspondingly, R.C. 4109.05(B) prohibits

---

1. Because Section 35 of Article II limits VSSR awards to between fifteen and fifty percent of the maximum award established by law, *Kanter* also struck down as unconstitutional the larger award mandated by the statute. *Id.* at 13, 21 O.O.3d at 8, 424 N.E.2d at 286.

employers from employing minors in occupations forbidden by administrative rule, and R.C. 4109.06 provides certain circumstances in which the requirements and proscriptions of the chapter do not apply, such as the employment of minors pursuant to a state-sanctioned vocational program. Quality Stamping asserts none of these extenuating circumstances nor that Koziol sustained his injury from a press equipped with an automatic feed and ejection system.

{¶ 10} Thus, as found by the commission and court of appeals, Quality Stamping violated R.C. 4109.05 and 4109.06 by employing a minor in an occupation prohibited by Ohio Adm.Code 4101:9-2-11 and in the absence of any circumstantial exemption. And while Quality Stamping laments that Koziol's VSSR application did not charge a violation of Ohio Adm.Code 4101:9-2-11, we find that Quality Stamping received sufficient notice of such charge.

{¶ 11} The reference to an entire chapter of law is not enough to place an employer on notice of an alleged VSSR unless coupled with a detailed description of the claimant's accident. *State ex rel. Bailey v. Indus. Comm.* (1986), 23 Ohio St.3d 53, 55, 23 OBR 127, 129, 491 N.E.2d 308, 310. Koziol's application attributed his injury to a power press, see *State ex rel. Thompson Bldg. Assoc., Inc. v. Indus. Comm.* (1988), 36 Ohio St.3d 199, 201, 522 N.E.2d 545, 547, and recited that R.C. Chapter 4109 refers to "Employment of Minors." Moreover, the chapter contained only fourteen sections, most of which prohibited or severely restricted the employment of minors. 137 Ohio Laws, Part II, 3602. Finally, Quality Stamping had been warned by the order vacated by stipulation that the commission was inclined to find it in violation of Ohio Adm.Code 4101:9-2-11. Together, these incidents adequately apprised Quality Stamping of the nature of Koziol's claim. See *State ex rel. Oliver v. Southeastern Erectors, Inc.* (1996), 76 Ohio St.3d 26, 28-29, 665 N.E.2d 1108, 1111 (failure to allege violation of code provision is not fatal where an uncited provision is conceptually similar to a charged provision).

**{¶ 12}** Quality Stamping next proposes that the commission could not find a violation of R.C. 4109.02(A) without evidence that it acted recklessly in employing Koziol despite his minority status. Recklessness must be proved, Quality Stamping insists, because R.C. 4109.02 does not specify a level of intent and, therefore, is governed by R.C. 2901.21(B), which imposes a recklessness standard when a criminal offense is defined without any degree of culpability. Again, we disagree.

**{¶ 13}** R.C. 4109.02(A) provides, in part:

"Except [in circumstances not relevant here], no minor of compulsory school age shall be employed by any employer unless the minor presents to the employer a proper age and schooling certificate, as a condition of employment."

**{¶ 14}** R.C. 2901.21(B) provides:

"When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in such section, then culpability is not required for the person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

**{¶ 15}** In forbidding the employment of minors, R.C. 4109.02 does not specify any particular degree of culpability; however, contrary to Quality Stamping's argument, it also does not define a criminal offense. R.C. 2901.03(A) provides that "[n]o conduct constitutes a criminal offense against the state unless it is defined as an offense in the Revised Code." And under R.C. 2901.03(B), a criminal offense is not defined unless "one or more sections of the Revised Code state a positive prohibition or enjoin a specific duty, *and* provide a penalty for violation of such prohibition or failure to meet such duty." (Emphasis added.) R.C. 4109.02 contains a positive prohibition, but unlike other provisions in the chapter,

it carries no criminal penalty. R.C. 4109.99. R.C. 2901.21(B), therefore, does not apply.

{¶ 16} Finally, Quality Stamping maintains that Koziol was injured because he failed to use the available pull-back safety device, not because Quality Stamping employed him as a minor. The court of appeals properly rejected this argument, finding that (1) R.C. 4109.02, 4109.05, and 4109.06 do not excuse the employment of minors on full automatic feed and ejection power presses that are equipped with pull-back devices; and (2) the commission did not abuse its discretion in attributing Koziol's injury to the "youthful folly" these laws were passed to prevent. Moreover, we do not consider *State ex rel. Lewis v. Indus. Comm.* (Mar. 15, 1984), Franklin App. No. 83AP-756, unreported, 1984 WL 4703, analogous, even though that employer escaped VSSR liability when a minor's injury resulted from his failure to use certain power press safety guards. In *Lewis*, the minor was employed as part of a vocational program and, thus, was not covered by R.C. Chapter 4109. R.C. 4109.06(A)(2). No evidence suggests that Koziol was hired on a similar basis.

{¶ 17} Accordingly, we hold that the commission properly found that R.C. 4109.02, 4109.05, and 4109.06 are specific safety requirements; that Quality Stamping violated these laws, causing Koziol's injury; and that Quality Stamping received sufficient notice of these charges. The court of appeals' judgment denying the requested writ of mandamus, therefore, is affirmed.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

———————————

**LUNDBERG STRATTON, J., dissenting.**

{¶ 18} I respectfully dissent. I do not believe that R.C. 4109.02 constitutes a specific safety requirement or standard of conduct because it does not apprise an

employer of a legal obligation toward an employee. *State ex rel. Lamp v. J.A. Croson Co.* (1996), 75 Ohio St.3d 77, 78, 661 N.E.2d 724, 726. R.C. 4109.02(A) merely requires that an employer who is going to hire a minor first obtain an age and schooling certificate. The statute does not require an employer to take affirmative steps to verify the age of an applicant.

{¶ 19} Here, the claimant admitted that he intentionally misrepresented his age when applying for the job. His job application indicated that he had completed four years of high school. The employer inquired about age and education, and when the claimant said that he had four years of high school and was over the age of eighteen, the employer believed that the claimant was of age to be employed. The employer made a reasonable effort to ascertain the age of the claimant. There is no evidence that the employer had actual or implied knowledge of the claimant's true age. The statute does not require any more.

{¶ 20} A VSSR may be found only upon a violation of a specific duty that results in injury. R.C. Chapter 4109 does not create any affirmative duty of an employer to go beyond the representations of a prospective employee that he or she has completed high school and is over age eighteen. *If* the employer knows that the prospective employee is under the age of eighteen, the employer must obtain an age or schooling certificate. But R.C. Chapter 4109 does not require employers to become detectives, searching for birth certificates or calling schools to verify enrollment, or lack thereof. The claimant said that he had been through four years of high school. The employer had *no reason* to ask for such a certificate.

{¶ 21} In addition, to find a violation of a specific safety requirement, the violation must be the proximate cause of the injury. *State ex rel. Bayless v. Indus. Comm.* (1990), 50 Ohio St.3d 148, 552 N.E.2d 939; *State ex rel. Haines v. Indus. Comm.* (1972), 29 Ohio St.2d 15, 58 O.O.2d 70, 278 N.E.2d 24. Here, the employer's failure to affirmatively ascertain claimant's age was not the proximate cause of the injury. The claimant's failure to use a pull-back safety device was the

direct and proximate cause of the injury. It is a far stretch to say that the immaturity of youth caused the claimant to exercise poor judgment in not using the safety device.

{¶ 22} Because a VSSR is a penalty, all reasonable doubts concerning the interpretation of a specific safety requirement must be construed in favor of the employer. *State ex rel. Burton v. Indus. Comm.* (1989), 46 Ohio St.3d 170, 172, 545 N.E.2d 1216, 1219. Strictly construing the statute, I do not believe that the employer violated any safety requirement, or, if it did, that proximate cause was established. Therefore, I would reverse the judgment of the court of appeals and issue a writ.

MOYER, C.J., concurs in the foregoing dissenting opinion.

_____