Marshall, C. J.
 

 This case is filed in this court as an original suit, praying a writ of mandamus, in which the relator, the board of education of the South Zanesville village school district, prays that the board of education of the Zanesville city school district be required to assume a portion of the indebtedness which was an obligation of the South Zanesville district prior to the severance of a portion of the territory of the South Zanesville district and the annexation of the same to the Zanesville district. The issue is joined by a demurrer to the petition, which of course admits the truth of all well-pleaded facts, and we therefore look to the allegations of the petition alone. These allegations are that the village school district of South Zanesville, at the time of the loss of territory, had a net indebtedness of $78,165.56,- that the appraisement for purposes of taxation of the taxable property severed from the South Zanesville district is $1,716,320, and that the total tax valuation of all property of the South Zanesville district before division was $3,-374,720. It therefore appears that 50.86 per cent, of all the taxable property in the district was taken away and added to the Zanesville district. It is
 
 *477
 
 sought by this proceeding to compel the board of education of the Zanesville district to assume a like percentage of the amount of the indebtedness which was an .obligation against the South Zanesville district before division, in the sum of $39,755.
 

 The cause involves the construction of Section 4690, General Code, which provides:
 

 “When territory is annexed to a city or village, such territory thereby becomes a part of the city or village school district, and the legal title to school property in such territory for school purposes shall be vested in the board of education of the city or village school district. Provided, however, if there be any indebtedness on the school property in the territory annexed, the board of education of the city or village school district, shall assume such indebtedness and shall levy a tax annually sufficient to pay such indebtedness and shall pay to the board of education of the school district or districts from which such territory was detached, the amount of money collected from such levy as it becomes due.”
 

 It is insisted by respondents that this language, properly interpreted, calls upon the Zanesville district to assume only such indebtedness as is charged against the school buildings and equipment thereof located within the territory severed from the one district and annexed to the other. Counsel for relator argues for the broader interpretation, which would include all property within the territory severed and annexed which is subject to taxation for the maintenance of schools.
 

 The petition alleges that the school building in the property detached cost for erection and equipment the sum of $26,900, while the school buildings and
 
 *478
 
 equipment in the territory remaining in the South Zanesville district cost approximately $80,000. The petition further recites that 115 pupils of school age reside in the territory transferred to the Zanesville district, and that 450 pupils reside in the territory remaining in the South Zanesville district.
 

 It is difficult to see how these facts relating to value of school buildings and number of pupils required to be taught have any bearing upon the controversy, except that they present a strong equity in favor of giving relief to the South Zanesville district. We are, however, solely concerned with the proper interpretation of the section of the General Code above quoted. As bearing upon this interpretation, it is proper to refer to other related sections of the Code.
 

 It will not be disputed that no indebtedness can attach to the school property itself; that is to say, no lien can attach thereto, either for the security of mechanics, or by way of mortgage or other lien executed by a board of education. No such property could be sold as upon execution. All such property is exempt from taxation. The members of a board of education cannot be individually held liable for indebtedness contracted in the usual and regular way, in compliance with law, and for the use and benefit of the schools of the district. The only manner in which the obligations of a board of education can be enforced is by compelling a levy and collection of taxes upon all taxable property within the jurisdiction of the board.
 

 The difficulty about this controversy turns upon the proper meaning to be given to the term ‘ ‘ school property.” We are of the opinion that school prop
 
 *479
 
 erty does not mean the school buildings and equipment utilized in conducting the schools, but rather all the taxable property within the district subject to taxation. No other interpretation would produce equitable results. The language of the statute is quite as susceptible of this interpretation as of any other. The Legislature would not be presumed to have intended that term to be employed in any manner which would produce inequitable and unjust results.
 

 All this indebtedness was incurred at a time when all of the taxable property of the district was being benefited by the establishment and maintenance of schools, and all of the property of the district must therefore be held for the payment of such indebtedness. A division of the district having been made by the authorities authorized to make it, and having been made regularly and legally, that portion of the district which has been severed from the original district should not be released entirely from the discharge of that indebtedness. The Zanesville district having received the benefit of the annexed territory, including the right to levy taxes upon the property of the severed territory, is
 
 ipso facto
 
 enabled to discharge the same proportion of the indebtedness of the South Zanesville district as the South .Zanesville district is entitled to be relieved from by a like equitable process. While this proposition presents no great difficulty, and it would seem that no authority need be cited to support the conclusions reached, authority is nevertheless available. In
 
 State, ex rel. Board of Education of Swanton Village School Dist.,
 
 v.
 
 Board of Education of Sharpies Village School Dist.,
 
 114 Ohio St., 603, 151 N. E., 669, this
 
 *480
 
 court had under consideration a case involving many similar points. That case involved an’interpretation of Section 4696, General Code, and the facts differed only in that territory had been severed from the county of Lucas and annexed to the county of Fulton.
 

 The provision for making adjustment of indebtedness in such case is governed by Section 4696, General Code. The portion of the section relating to that matter is as follows:
 

 “(2)
 
 An equitable division of the funds and indebtedness between the districts involved shall be made by the county board of education, which in the case of territory transferred to a county school district shall mean the board of education of the county school district to which such territory is transferred * * *.”
 

 Without further guide, this court held that the equitable method of apportioning the indebtedness would be “a division in the proportion that the taxable value of the transferred district bears to the taxable value of the original district,” and that this would be the only basis upon which an equitable division could be made. That principle being directly applicable to the instant controversy, that case becomes a pertinent authority for the conclusions we have reached. The demurrer to the petition must be overruled, and a peremptory writ of mandamus allowed.
 

 Writ allowed.
 

 Day, Allen, Robinson, Jones and Matthias, JJ., concur.
 

 Kinkade, J., not participating.