This cause came on to be heard on the petition for mandamus and the answer, was argued by counsel and submitted to the court on the issues made by those pleadings.
Relator, Walter F. Berry, while engaged in laying gypsum boards in the construction of an arch shaped garage roof, slipped and fell to the cement floor below, sustaining injuries for which he was awarded medical expenses, compensation for temporary total disability and compensation for impairment of earning capacity. Relator filed a claim for additional compensation based upon a violation by his employer of the Code of Specific Reqirements adopted by the Department of Industrial Relations and the Industrial Commission, for the safety of employees engaged in building and other construction work, Section 115 of which relates to temporary devices for roofing work, and Section 10 of which requires employers to immediately remove special or dangerous hazards which have been reported to the employer by an employee. Relator pleads he was working upon a pitched roof, and his employer did not furnish any crawling boards, ladders or *Page 229 
chicken ladders, and did not provide protection against slipping and falling by employees, to which special and hazardous danger his employer's attention was directed, but no steps were taken to remove the same. The Industrial Commission denied the application for an additional award, for the reason that there was no provision in the law or in the Code of Specific Requirements covering the operation in which the claimant was engaged at the time of the alleged injury. An application for reconsideration was subsequently denied by the Industrial Commission.
The relator in his petition prays mandamus to compel the Industrial Commission to hear and determine whether his injuries resulted from the failure by his employer to comply with Section 115 or Section 10 of the Safety Code of Specific Requirements, and upon finding a violation thereof that the additional award be granted relator.
On consideration whereof it is ordered and adjudged by this court that the writ of mandamus be, and the same hereby is, denied. Under Section 35, Article II of the Constitution, the Industrial Commission is vested with full power and authority to determine whether an injury resulted from the violation of a specific requirement for the safety of employees, and in determining the question of fact whether an injury resulted from such violation, the decision of the Industrial Commission is final (Slatmeyer v. Industrial Commission, 115 Ohio St. 654), and relator in an action in mandamus to compel the allowance of an additional award must show that the finding of the Industrial Commission against him amounts to an abuse of discretion (State, ex rel. Stuber, v. Industrial Commission,127 Ohio St. 325).
Writ denied.
WEYGANDT, C.J., STEPHHENSON, WILLIAMS, JONES, MATTHIAS and ZIMMERMAN, JJ., concur. *Page 230