Per Curiam.

The first error assigned by relator is that the respondent was guilty of an abuse of discretion in permitting an amendment of claimant’s application after the expiration of more than two years from the date of injury.
*49 Section 1465-72a, General Code (Section 4123.84, Revised Code), provides that claims for workmen’s compensation shall be forever barred unless application therefor shall be made within two years from the date of injury or death. An award of additional compensation is not a modification of a previous award but is a new, separate and distinct award and is subject to the two-year period of limitation. State, ex rel. Fruehauf Trailer Co., v. Coffinberry et al., Industrial Commission, 154 Ohio St., 241, 95 N. E. (2d), 381; State, ex rel. Carr, v. Industrial Commission, 130 Ohio St., 185, 198 N. E., 480. After the expiration of the two-year period, a claimant can not for the first time assert as the basis for his claim the violation of a different specific safety requirement which had not theretofore been relied on. State, ex rel. DeBoe, v. Industrial Commission, 161 Ohio St., 67, 117 N. E. (2d), 925. Nor can a claimant rely upon a specific safety requirement which is directed toward the regulation of some industry other than that in which his employer was engaged at the time of the injury. State, ex rel. Miller Plumbing Co., v. Industrial Commission, 149 Ohio St., 493, 79 N. E. (2d), 553.
In our opinion, the present case does not fall within the above-cited rules. The original application here was filed within the limited period and charged the violation of a particular specific safety requirement, viz., failure to enclose or guard a set or train of gears.
Save for one difference in the exception clause, which difference has no material significance in this case, page 15, section 7, chapter 2 of bulletin of Industrial Commission, state of Ohio, of specific safety requirements, cited by claimant in her original application, is identical in wording with section 7, Specific Requirements, General Safety Standards for Workshops and Factories.
This latter specific requirement was in effect at the time claimant sustained her injury, and presumably relator had knowledge of it. The requirement has continued to remain in effect in almost identical terms, although it has been republished in a new bulletin and given a new numerical designation.
We are of the opinion that the amendment permitted here in no way effected a substantive change in the original action *50 which was timely instituted, and that permitting the claimant to substitute the applicable numerical designation for the particular safety requirement alleged to have been violated did not constitute an abuse of discretion by respondent.
We believe relator was not denied a hearing on this claim. The order of the respondent clearly shows that, following the December 22 hearing, the claim was “held for decision,” with the parties being given the right to present further memoranda. Relator was present at this hearing and corresponded with respondent concerning the matter, between that date and January 28, when an order based on the December 22 hearing was issued. Furthermore, following the allowance of the amended claim, relator filed a motion for rehearing and reconsideration, which motion was heard on November 6, 1953, and relator was present and represented at the hearing.
Relator has also assigned as error the granting of the award unsupported by any evidence of violation of a specific safety requirement. This court has held on many occasions that the determination of disputed factual situations as well as the interpretation of a specific safety requirement is within the final jurisdiction of the Industrial Commission. Slatmeyer v. Industrial Commission, 115 Ohio St., 654, 155 N. E., 484; State, ex rel. Moore, v. Industrial Commission, 129 Ohio St., 195, 194 N. E., 370; State, ex rel. Berry, v. Industrial Commission, 129 Ohio St., 228, 194 N. E., 414; State, ex rel. Howard Engineering & Mfg. Co., v. Industrial Commission, 148 Ohio St., 165, 74 N. E. (2d), 201; State v. Ohio Stove Co., 154 Ohio St., 27, 93 N. E. (2d), 291. In our opinion there was evidence upon which the respondent’s finding might properly rest, and in this circumstance the determination of respondent became final.
The amount of the award here was within the limits prescribed by Section 35, Article II of the Ohio Constitution, and we can not say that the awarding of the maximum allowable thereunder constituted an abuse of discretion.
We have examined relator’s other assigned errors relating to the refusal of the Court of Appeals to grant a new trial and to the refusal to state separately its findings of fact and conclusions of law, with respect to certain issues raised and presented, and we find no error therein prejudicial to relator.
*51 The judgment of the Court of Appeals is, therefore, affirmed.

Judgment affirmed.

Weygandt, C. J., Matthias, Hast, Zimmerman, Stewart, Bell and Taet, JJ., concur.