From November 1954 to December 1957 there were several annexation proceedings which resulted in the transfer of territory from the Whitehall City School District to the City School District of Columbus, Ohio. During those years there was no division made of the funds and indebtedness of and between the respective school districts as required by Section 3311.06
of the Revised Code (126 Ohio Laws, 302) which is as follows:
"The territory included within the boundaries of a city, local, exempted village, or joint vocational school district shall be contiguous except where a natural island forms an integral part of the district. *Page 528 
"When territory is annexed to a city or village, such territory thereby becomes a part of the city school district or the school district of which the village is a part, and the legal title to school property in such territory for school purposes shall be vested in the board of education of the city school district or the school district of which the village is a part; provided, that when the territory so annexed to a city or village comprises part but not all of the territory of a school district, the said territory shall become a part of the said city school district or the school district of which the village is a part only upon approval by the State Board of Education. In event territory is transferred from one school district to another under this section, an equitable division of the funds and indebtedness between the districts involved shall be made under the supervision of the State Board of Education and that board's decision shall be final. After the effective date of this section, no action with regard to the transfer of school district territory pursuant to annexation to a municipality shall be completed in any other manner than that prescribed by this section."
On August 11, 1958, the State Board of Education ordered the City School District of Columbus, Ohio, to assume an additional $289,036 of bonded debt and interest of the Whitehall City School District in order that the Whitehall City School District could provide additional facilities to the balance of the children unhoused by the transfer of the Courtright Elementary School building which they found necessary to replace.
On August 22, 1958, the attorney for the City School District of Columbus issued a formal request or demand upon the Superintendent of Public Instruction of the State Board of Education of Ohio for a rehearing of the adjudication or resolution of the State Board of Education in which they directed the City School District of Columbus to assume the additional $289,036 of bonded debt and interest of the Whitehall City School District, which amount was over and above the agreed assumption of indebtedness in the amount of $243,177.70. The request was made pursuant to the provisions of Section 119.09 of the Revised Code and was made for the purpose of obtaining the stenographic record of the adjudication hearing in order that an appeal might be perfected to a court of competent jurisdiction. *Page 529 
The State Board of Education, at its meeting held September 8, 1958, received the request and filed the application, and it is apparent from the recording of the September 8th meeting that the State Board of Education did not feel that its actions required compliance with the Administrative Procedure Act, Chapter 119 of the Revised Code, inasmuch as Section 3311.06 of the Revised Code stated that "that board's decision shall be final." The city thereupon brought action in mandamus in the Court of Common Pleas of Franklin County, which court overruled demurrers to the petition and issued a writ of mandamus which ordered the State Board of Education to grant the City School District of Columbus, Ohio, a hearing regarding the division of funds and indebtedness at the next regularly constituted meeting of the State Board of Education. An appeal was made to this court from the issuance of the writ of mandamus and presents for determination the question of whether the State Board of Education, in making the determination required by Section3311.06 of the Revised Code, is subject to the provisions of Chapter 119 of the Revised Code, which section is commonly referred to as the "Administrative Procedure Act."
The organization, qualifications, powers and duties of the State Board of Education are set out in the provisions of Sections 3301.011 to 3301.07 of the Revised Code (126 Ohio Laws, 307, 308; 655, 660 to 662). Section 3301.08 (127 Ohio Laws, 112) to Section 3301.12 provide for the appointment of the Superintendent of Public Instruction and set forth his duties, the principal duty being "the executive and administrative officer of the State Board of Education in its administration of all educational matters and functions placed under its management and control." (Section 3301.11, Revised Code.)
In Section 3301.13 there is provided for the creation of a Department of Education which "shall be the administrative unit and organization through which the policies, directives and powers of the State Board of Education and the duties of the Superintendent of Public Instruction are administered by such superintendent as executive officer of the board." The section further provides that "the Department of Education shall consist of the State Board of Education, the Superintendent of *Page 530 
Public Instruction, a staff of such professional, clerical and other employees as may be necessary to perform the duties and to exercise the required functions of the department." In the same section it is provided that, "in the exercise of any of its functions or powers, including the power to make rules and regulations and to prescribe minimum standards, the Department of Education and any officer or agency therein, shall be subject to the provisions of Chapter 119. of the Revised Code."
It is the contention of the appellant State Board of Education that in acting under the provisions of Section 3311.06
of the Revised Code, their decision is final and does not form any basis for an appeal, as the Legislature intended to remove their action in this respect from the appellate procedure. They compare their situation to that of the Industrial Commission of Ohio, which is demonstrated in the case of State v. Ohio StoveCo., 154 Ohio St. 27, 93 N.E.2d 291, wherein the court says:
"By virtue of the provisions of Section 35, Article II of the state Constitution, the decision of the Industrial Commission in a claim for an additional award for violation of a specific requirement is final. No appeal from such decision is authorized. Where decisions, granting or refusing such awards, have been attacked by proceedings in mandamus, this court has repeatedly held that such decisions will not be set aside in the absence of proof of an abuse of discretion by the commission. See State, ex rel. Richardson, v. Industrial Commission,128 Ohio St. 570, 192 N.E. 738; State, ex rel. Berry, v.Industrial Commission, 129 Ohio St. 228, 194 N.E. 414;State, ex rel. Davidson, v. Blake, et al., IndustrialCommission, 145 Ohio St. 102, 60 N.E.2d 664; and State, exrel. Howard Engineering Mfg. Co., v. Industrial Commission,148 Ohio St. 165, 74 N.E.2d 201."
See, also, the discussion in Slatmeyer v. IndustrialCommission, 115 Ohio St. 654, 155 N.E. 484.
The appellee contends, and the trial court agreed, that the word, "final," meant appealable, and cited in support the case ofMannix v. Commissioners of Hamilton County, 43 Ohio St. 210,1 N.E. 322.
It should be noted that Section 3301.13 makes the Departmentof Education subject to the Administrative Procedure Act, and that the State Board of Education is included in the Department *Page 531 
of Education which was created as "the administrative unit and organization through which the policies, directives and powers of the State Board of Education and the duties of the Superintendent of Public Instruction are administered by such superintendent as executive officer of the board."
The section making the decision of the State Board of Education final was passed by the Legislature at the same session in which the present Department of Education was created, and it would appear that it was the intention of the Legislature to prohibit an appeal by the school districts involved from this particular decision, as the section definitely states "that board's decision shall be final."
This does not preclude an action contesting the decision of the State Board of Education but does remove the action of the school board from the appellate procedures, including those governed by the Administrative Procedure Act found in Section 119 of the Revised Code. An original action in mandamus is possible to set aside the decision where the board does not make an equitable division of the funds and indebtedness. See State, exrel. Board of Education of Swanton Village School District, v.Board of Education of Sharples Village School District, 114 Ohio St. 602,151 N.E. 669, and State, ex rel. Board of Educationof South Zanesville Village School District, v. Bateman,119 Ohio St. 475, 164 N.E. 516. See, also, State v. Ohio StoveCo., supra (154 Ohio St. 27).
The judgment of the Court of Common Pleas is, therefore, reversed, and the cause is remanded to the court with instructions to enter final judgment for the defendant.
Judgment reversed.
BRYANT, P. J., and WISEMAN, J., concur.
WISEMAN, J., of the Second Appellate District, sitting by designation in the Tenth Appellate District. *Page 532