Per Curiam.

The action transferring the territory was submitted to the state Superintendent of Public Instruction and the State Board of Education for consideration, and was approved by that board on December 30, 1957.
Thereafter in a corrected entry on October 13, 1958, that board determined that an equitable division of the funds and indebtedness between the districts would require the respondent *534 Columbus Board of Education to assume tbe obligations tbe relator Whitehall Board of Education now seeks to enforce.
The action by the state board was taken under the provisions of Section 3311.06, Revised Code, then reading in part as follows:
“In the event territory is transferred from one school district to another under this section, an equitable division of the funds and indebtedness between the districts involved shall be made under the supervision of the State Board of Education and that board’s decision shall be final.”
It is the contention of the respondent that the state board was without authority to make a complete determination of the matter since the word “supervise” is used in the statute. However, according to the dictionaries, one of the synonyms of “supervise” is “superintend” which in turn is defined as “to oversee with the power of direction. ’ ’ Furthermore, the statute contains the additional important language that “that board’s decision shall be final,” and the word “decision” is defined as “an authoritative determination.” And the action of the board hardly could be final if authority were lacking. This court is of the opinion that the board did have the authority to determine the matter including the subsequent correction of one erroneous figure for the benefit of the respondent.
A further contention of the respondent is that, if the General Assembly did succeed in conferring full authority on the state board, the statute is unconstitutional on the ground that it provides no guide or standard for the board to follow except that the division of funds and indebtedness between the districts must be equitable. The respondent relies on two decisions of this court in the cases of State, ex rel. Board of Education of Swanton Village School District, v. Board of Education of Sharples Village School District, 114 Ohio St., 602, and State, ex rel. Board of Education of South Zanesville School District, v. Bateman et al., Board of Education of Zanesville City School District, 119 Ohio St., 475.
One difficulty with those decisions is that they are distinguishable on the particular circumstances involved. The first case concerned territory lying in adjoining counties, and a tax valuation formula was employed. This court held that that *535 was proper. That was the sole question. The second case involved a different statute and a different question as to the meaning of the term “school property,” and the court approved the division of indebtedness which had been made on a tax valuation formula. Unfortunately the opinion in each case lapses into a bit of gratuitous and confusing obiter dictum obviously not germane to either controversy.
At the time of the transfer in the instant case, Section 3311.06, Revised Code, contained the requirement that “an equitable division of the funds and indebtedness between the districts involved shall be made.” In other words, the division must be fair and just to all involved. The statute does not provide a rigid formula such as tax valuation alone. Rather, it establishes the broader and more feasible test that the division must be equitable under the particular circumstances of each situation, and this court has held that tax valuation is one of those circumstances. The statute is not unconstitutional.
The final contention of the respondent is that, if Section 3311.06, Revised Code, is a constitutional grant of authority to the state board, the board was guilty of an abuse- of discretion in its effort to solve the extremely difficult problem of an equitable division of the funds and indebtedness between the districts involved. On the contrary, the record discloses that the state superintendent and the state board gave the involved matter extended and deliberate consideration. Numerous meetings, conferences and hearings were held in order to ascertain the controlling facts. In such a highly controversial situation it obviously was difficult and probably impossible to reach a conclusion satisfactory to all or any of those concerned. Fortunately there is no claim of bad faith, collusion or fraud, and this court can not be expected to simply substitute its opinion for that of the state board.
The relator is entitled to the requested writ of mandamus requiring the respondent to comply with the terms of the state board’s resolution of October 13, 1958.

Writ allowed.

Weygandt, C. J., Zimmerman, Matthias, Bell, Herbert and O’Neill, JJ., concur.