THE STATE, EX REL. BUEHLER FOOD MARKETS, INC.,
APPELLANT AND CROSS-APPELLEE, *v.*
INDUSTRIAL COMMISSION OF OHIO, APPELLEE;
MCKEE, APPELLEE AND CROSS-APPELLANT.

(No. 80-519—Decided November 19, 1980.)

*Messrs. Ward, Kaps, Bainbridge, Maurer, Bloomfield &
Melvin, Mr. William J. Melvin* and *Mr. Robert L. Bridges,*
for appellant and cross-appellee.

*Mr. John R. Workman,* for appellee and cross-appellant.

*Mr. William J. Brown,* attorney general, and *Mr. Lee M.
Smith,* for appellee Industrial Commission of Ohio.

*Per Curiam.*

## I.

Appellant-employer maintains that the commission erred
in determining that the top of the walk-in cooler was a "plat-
form" and that the specific safety requirement as applied to
this "platform" is so vague that it denies appellant constitu-
tional due process.

The Court of Appeals found that the commission was
within its discretionary authority in making the determina-
tion that the top of the walk-in cooler fell within the purview
of the generally accepted concept of a platform. It was
elevated eight feet above the main floor, was approximately
19½ feet long by 10 feet wide, and there were stairs leading
to the top of it.

This court has stated the standard of its review of com-
mission findings in *State, ex rel. Haines,* v. *Indus. Comm.*
(1972), 29 Ohio St. 2d 15, at page 16, as follows:

"This court has held on many occasions that the deter-
mination of disputed factual situations is within the final
jurisdiction of the Industrial Commission and subject to cor-
rection by action in mandamus only upon a showing of abuse
of discretion. *Slatmeyer* v. *Indus. Comm.* (1926), 115 Ohio St.
654; *State, ex rel. Coen,* v. *Indus. Comm.* (1933), 126 Ohio St.
550; *State, ex rel. Moore,* v. *Indus. Comm.* (1935), 129 Ohio St.
195; *State, ex rel. Berry,* v. *Indus. Comm.* (1935), 129 Ohio St.
228; *State, ex rel. Wilms,* v. *Blake* (1945), 144 Ohio St. 619;
*State, ex rel. Howard Eng. & Mfg. Co.,* v. *Indus. Comm.*

(1947), 148 Ohio St. 165; *State* v. *Ohio Stove Co.* (1950), 154 Ohio St. 27; *State, ex rel. Reed,* v. *Indus. Comm.* (1965), 2 Ohio St. 2d 200.''

Ordinarily, if there is some evidence to support the commission's finding this court has refused to find an abuse of discretion. *State, ex rel. Mees,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 128, 131.

This court has discussed the finality which attaches to determinations of the commission concerning violations of specific safety requirements in *State* v. *Ohio Stove Co., supra,* at page 38, as follows:

"In the determination by the Industrial Commission that an additional award will or will not be granted, the primary questions presented are, (1) was there a violation of a specific requirement by the employer and (2) did the injury incurred by the claimant result from such violation? In a decision of these questions, the commission is bound to consider the evidence submitted, make such investigations as it deems proper or necessary to ascertain the facts, and at the end of such inquiry decide the issue presented. Either there was a violation and a consequent injury as a result thereof, or there was no such violation, or, if there was, no such injury resulted thereform. The determination by the commission of these facts, whether favorable or unfavorable to the employee, under the provisions of Section 35, Article II of the state Constitution, is final.''

This court also declared, at page 36, that:

"By virtue of the provisions of Section 35, Article II of the state Constitution, the decision of the Industrial Commission in a claim for an additional award for violation of a specific requirement is final. No appeal from such decision is authorized. Where decisions, granting or refusing such awards, have been attacked by proceedings in mandamus, this court has repeatedly held that such decisions will not be set aside in the absence of proof of an abuse of discretion by the commission. See *State, ex rel. Richardson,* v. *Industrial Commission,* 128 Ohio St., 570, 192 N. E., 738; *State, ex rel. Berry,* v. *Industrial Commission,* 129 Ohio St., 228, 194 N. E., 414; *State, ex rel. Davidson,* v. *Blake, et al., Industrial Commission,* 145 Ohio St., 102, 60 N. E. (2d), 664; and *State,*

*ex rel. Howard Engineering & Mfg. Co., v. Industrial Commission,* 148 Ohio St., 165, 74 N. E. (2d), 201."

The Court of Appeals in the instant cause was correct in finding that "* * * this record shows sufficient evidence supporting the decision of the Industrial Commission, finding a violation of a specific safety requirement, and that an injury occurred as a result of that violation."

## II.

Cross-appellant, McKee, asserts upon the authority of *State* v. *Ohio Stove Co., supra,* that the commission was without power or authority to reduce the additional compensation award from 40 percent to 30 percent on a rehearing absent new and additional proof being adduced which had not previously been considered by the commission.

Cross-appellant's reliance upon *State* v. *Ohio Stove Co., supra,* is misplaced. That decision held that the commission was without jurisdiction to enter a contrary decision as to its denial of an additional award, in the absence of evidence showing some new development or changed condition, *once the original order had become final.* In the instant cause, however, the commission's decision did not become final until 30 days after receipt of the commission's order, and it was found by the commission, as supported by the record herein, that the motion for rehearing was filed by the employer within the required 30-day period.

The commission modified such award based on the recommendation of the hearing officer. The commission's determination in this regard will not be disturbed.

Accordingly, the judgment of the Court of Appeals is affirmed.

*Judgment affirmed.*

CELEBREZZE, C. J., W. BROWN, P. BROWN, SWEENEY, LOCHER, HOLMES and DOWD, JJ., concur.