THE STATE, EX REL. ELLIS, APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as State, ex rel. Ellis, *v.* Indus. Comm. (1990), 53 Ohio St. 3d 64.]

(No. 89-819—Submitted May 8, 1990—Decided August 8, 1990.)

*Thompson, Meier & Dersom* and *William A. Meier,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Michael L. Squillace* and *Merl H. Wayman,* for appellee Industrial Commission.

*Shumaker, Loop & Kendrick* and *Gregory T. Lodge,* for appellee Northwest Mechanical Contractors.

*Per Curiam.* A VSSR award requires a showing that: (1) the claimant's employer violated a specific requirement, and (2) the violation proximately caused claimant's injury. *State, ex rel. Haines,* v. *Indus. Comm.* (1972), 29 Ohio St. 2d 15, 58 O.O. 2d 70, 278 N.E. 2d 24. After concluding in the case before us that Ohio Adm. Code 4121:1-3-03(A)(7) was not a specific safety requirement, the commission employed both *Haines* elements in denying appellant's application with respect to the remaining administrative code sections. The commission found no violation of Ohio Adm. Code 4121:1-3-11(C) and (D)(2) and denied the claimed violation of Ohio Adm. Code 4121:1-3-03(J) on a causal relationship basis. Appellant contests the commission's disposition of these latter three sections. We find this challenge to be unpersuasive.

In ruling that Northwest did not violate Ohio Adm. Code 4121:1-3-11 (C), the commission found that spring loaded hooks and automatic locks were present. These devices, however, are irrelevant to an Ohio Adm. Code 4121:1-3-11(C) violation. That section provides in part:

"(C)  General requirements for all ladders.

"(1)  Construction

"All ladders shall be constructed of wood, metal, or other equivalent material and shall have a minimum bearing weight of two hundred fifty pounds with a factor of safety of no less than four."

Appellant contends that the ladder did not support him. In a mandamus action, the relator (appellant in this case) has the burden of proof of showing that he has a clear legal right to the relief requested. *State, ex rel. Berger,* v. *McMonagle* (1983), 6 Ohio St. 3d 28, 6 OBR 50, 451 N.E. 2d 225. Appellant has failed to meet his burden of proof with respect to this administrative rule. Moreover, since the cause of the accident is unknown, appellant has failed to prove that the alleged violation was the proximate cause of his injuries.

Ohio Adm. Code 4121:1-3-11(D)(2) provides:

"Extension ladders shall be equipped with automatic locks of malleable iron, cast aluminum or equivalent material attached to the side rails of the upper extension and of such construction as to make the extension ladder equal in strength to a ladder constructed of continuous side rails."

One of the McCollum investigative documents, an interoffice communication, contained the affidavit of Mike Sheidler, Northwest project superintendent, who verified that automatic locks were present. There is thus "some evidence" supporting the commission's decision. *State, ex rel. Burley,* v. *Coil Packing, Inc.* (1987), 31

Ohio St. 3d 18, 31 OBR 70, 508 N.E. 2d 936.

Appellant alternatively contends that the automatic locks, if present, were defective; otherwise, the top half of the ladder could not have "jiggled loose" and collapsed as Sheidler speculated. We disagree.

The ladder was newly placed into service four days before the accident. There is no evidence of prior malfunction. Thus, as we stated in *State, ex rel. M.T.D. Products, Inc.*, v. *Stebbins* (1975), 43 Ohio St. 2d 114, 118, 72 O.O. 2d 63, 66, 330 N.E. 2d 904, 907, "[t]he fact that a safety device that otherwise complies with the safety regulations failed on a single occasion is not alone sufficient to find that the safety regulation was violated. * * *"

The remaining requirement, Ohio Adm. Code 4121:1-3-03(J), states in part:

"Safety belts, lifelines and lanyards.

"(1) Lifelines, safety belts and lanyards shall be provided by the employer and it shall be the responsibility of the employee to wear such equipment when * * * exposed to hazards of falling when the operation being performed is more than fifteen feet above ground * * *."

The commission did not determine whether Northwest satisfied this requirement because it found that a violation, even if present, would not have proximately caused appellant's injury. We again find this determination to be supported by some evidence.

Appellant's reliance on *State, ex rel. American Can Co.*, v. *Indus. Comm.* (Jan. 28, 1988), Franklin App. No. 87AP-929, unreported, is misplaced since the decision is distinguishable from the present case. First, the commission order in *American Can* specifically found that the applicable VSSR was violated. Here, the commission made no such finding. Second, unlike *American Can*, there is no evidence that the relevant safety device would have prevented appellant's injury.

For the reasons set forth above, the judgment of the court of appeals is affirmed.

*Judgment affirmed.*

MOYER, C.J., SWEENEY, HOLMES, DOUGLAS, WRIGHT, H. BROWN and RESNICK, JJ., concur.