THE STATE EX REL. S&Z TOOL & DIE COMPANY, INC., APPELLANT, *v.* INDUSTRIAL COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as *State ex rel. S&Z Tool & Die Co. v. Indus. Comm.* (1999), 84 Ohio St.3d 288.]

(No. 96–1690—Submitted November 10, 1998—Decided January 6, 1999.)

*Persky, Shapiro, Salim, Esper, Arnoff & Nolfi Co., L.P.A.,* and *Donald N. Jaffe,* for appellant.

*Betty D. Montgomery,* Attorney General, and *Miltina A. Gavia,* Assistant Attorney General, for appellee Industrial Commission.

*Stewart Jaffy & Associates Co., L.P.A., Stewart R. Jaffy* and *Marc J. Jaffy,* for appellee Peicu.

---

**Per Curiam.** S&Z did not comply with Ohio Adm.Code 4121:1–5–17(E)—a point that it does not seriously dispute. At issue is the causal relationship, if any, between S&Z's noncompliance and claimant's injury.

We recently discussed the specific safety requirement currently at issue in *State ex rel. Burchfield v. Printech Corp.* (1998), 83 Ohio St.3d 169, 699 N.E.2d 56. In that case, the claimant worked as a bindery technician. As part of her duties, she moved books from one location to boxes a few steps away. The boxes rested on a wooden skid that, on the date of injury, was accidentally lowered onto the claimant's foot.

In asserting the claimed VSSR, claimant conceded that her duties as a bindery technician did not present a clear foot hazard. She instead asserted other hypothetical foot hazards throughout the plant that she claimed would demand compliance with Ohio Adm.Code 4121:1–5–17(E). The commission rejected that argument, as did we.

We found that the claimant's proposed foot hazards were so nebulous as to exist in *every* job, and that the General Assembly could not have intended that all employers—no matter what position or profession—provide foot protection. We ultimately concluded that the rule demanded a strict construction, and thus that the commission did not abuse its discretion in finding no VSSR.

Applying that reasoning here, we hold that the commission did not abuse its discretion in finding a violation of the rule. Focusing on the heavy equipment that claimant was required to be around and the nature of his duties therewith, we do not find that the commission erred in finding that foot protection was required under Ohio Adm.Code 4121:1–5–17(E).

S&Z contends that claimant did not sustain his burden of establishing that the lack of foot protection was the proximate cause of his injury. We disagree. Contrary to S&Z's representation, claimant is not required to additionally prove the extent to which foot protection would have eliminated or reduced his injuries. In this case, claimant established that he was working around a foot hazard, that foot protection was required but was not provided, and that he was injured.

S&Z lastly alleges evidentiary infirmities in the commission's order. We are unpersuaded by this argument. The commission in its order cited the report of Safety and Hygiene Investigator Brian L. Weiss as the evidence on which it relied, and explained the reasoning for its decision. No more is required.

The judgment of the court of appeals is affirmed.

*Judgment affirmed.*

DOUGLAS, RESNICK, F.E. SWEENEY, PFEIFER and COOK, JJ., concur.

MOYER, C.J., and LUNDBERG STRATTON, J., dissent.

---

LUNDBERG STRATTON, J., dissenting. Because the claimant failed to prove that his foot injury was proximately caused by the failure to wear protective footwear, I believe that it was an abuse of discretion for the Industrial Commission to grant an award of compensation for a VSSR.

"A VSSR award requires a showing that: (1) the claimant's employer violated a specific requirement, and (2) the violation proximately caused claimant's injury." *State ex rel. Ellis v. Indus. Comm.* (1990), 53 Ohio St.3d 64, 65, 559 N.E.2d 454, 455; *State ex rel. Haines v. Indus. Comm.* (1972), 29 Ohio St.2d 15, 58 O.O.2d 70, 278 N.E.2d 24. Here, the record is devoid of any evidence that establishes that the lack of protective footwear was the proximate cause of claimant's injury. It was the employer's policy that all employees wear work shoes throughout the shop. The claimant admitted that he owned safety shoes but was not wearing them on the date of the accident. The commission concluded that claimant was exposed to a foot hazard, that the employer did not make foot protection available to the claimant, and, thus, that the employer was found to have violated Ohio Adm.Code 4121:1–5–17(E). However, the commission did not make the separate, additional finding that the violation proximately caused claimant's injury.

The court of appeals glossed over relator's argument about the absence of proximate cause. The court briefly concluded that "[c]laimant met his burden of proving that the violation was the proximate cause of his injury when he established that relator violated a specific safety requirement regarding foot protection and his unprotected foot was injured in an accident." This statement establishes a strict liability standard for subsequent injury. It is not an analysis of causation, and the result does not comport with the law with respect to specific safety requirement violations. See *State ex rel. Ellis; State ex rel. Haines.*

The only evidence before the commission on the issue of proximate cause was the report of Erwin V. Zaretsky, a professional engineer retained by the claimant. Zaretsky's report, dated July 6, 1993, was attached to the claimant's

application for an additional award for VSSR. In his report, Zaretsky stated that he had reviewed the sections of Ohio Adm.Code Chapter 4121:1–5 applicable to the claimant's work place at the time of his injury. Zaretsky concluded that the claimant's employer had violated Ohio Adm.Code 4121:1–5–03(D) with respect to scaffolds. Zaretsky further concluded that "[t]he direct and proximate cause of the injury to Mr. Peicu was the failure of S&Z Tool and Die Corporation to secure or fasten the scaffold to the metal floor and to provide a means therefor." Yet, the commission's order expressly found no violation of Ohio Adm.Code 4121:1–5–03(D).

The Zaretsky report makes no mention of foot protection. The record lacks any medical evidence that *any type* of standard foot protection would have prevented injury to a foot if an item weighing more than six tons toppled over on the foot. An I-beam supporting a six-ton die overturned onto the claimant's foot. I believe that expert testimony was necessary to establish that protective footwear would have made any difference when such a tremendous amount of weight fell on the foot. Common sense indicates that safety shoes would not have made any difference to this claimant. Absent expert testimony, the claimant failed to establish that the employer's violation of Ohio Adm.Code 4121:1–5–17(E) proximately caused his injury.

In *State ex rel. Haines, supra,* this court rejected an assertion that an additional award is mandated where a specific safety requirement has been violated and an injury occurs under circumstances where it may be reasonably inferred that, had the employer complied with the requirement, the injury could probably have been avoided. This is because Section 35, Article II of the Ohio Constitution requires a claimant to prove *both* that the employer failed to comply with a specific safety requirement and that the injury resulted because of that failure by the employer. Here, there is no evidence to establish that the claimant was injured because he was not wearing protective shoes.

Therefore, I would reverse the judgment of the court of appeals and issue a writ ordering the Industrial Commission to vacate its order of an additional award of compensation.

MOYER, C.J., concurs in the foregoing dissenting opinion.