[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] DECISION
{¶ 1} Relator, Graco Children's Products, Inc. ("Graco") filed an original action in mandamus requesting this court to issue a writ of mandamus to order respondent, Industrial Commission of Ohio, to vacate its order granting the application of respondent-claimant, William D. Ramey, for an additional award of compensation based on a violation of a specific safety requirement ("VSSR"), and to issue a new order denying the application.
 {¶ 2} This court referred the matter to a magistrate, pursuant to Civ. R. 53(C) and Section (M), Loc. R. 12 of the Tenth District Court of Appeals, who rendered a decision including findings of fact and conclusions of law. (Attached as Appendix A.) The magistrate decided that a writ of mandamus should be denied. Relator has filed objections to the magistrate's decision.
 {¶ 3} In its objections, Graco argues it was entitled to application of the "one time malfunction" defense, which states that, in the absence of evidence that a piece of equipment had ever malfunctioned before, a first time failure cannot support a finding of VSSR liability. State ex rel. Taylor v. Indus. Comm. (1994), 70 Ohio St.3d 445, 447, citing State ex rel. M.T.D. Products v. Stebbins (1975), 43 Ohio St.2d 114. According to Graco, the magistrate improperly rejected this defense because there was no evidence of any other safety violation, there was no evidence in the record of wear or breakage prior to the accident, and the evidence that Graco altered the platform after the accident did not support a conclusion that Graco was attempting to hide evidence of prior wear or breakage.
 {¶ 4} In addition, Graco argues that the magistrate erroneously concluded that the fact that the platform tilted was prima facie evidence that Graco did not equip the platform with the proper safety features to allow it to be securely fastened to the forklift. Graco points out that there could have been other reasons for the tilting of the platform, including that employees may have incorrectly fastened the platform to the lift, and that the straps and chain attaching the platform to the lift may have suffered an unpredictable failure. Graco maintains that, in the absence of evidence supporting one theory over another, the commission could not assume that the cause of the tilting was the fault of the employer, particularly since there was evidence in the record that the platform had been used safely for more than a decade prior to the accident.
 {¶ 5} Respondent counters that the commission reasonably could infer from the fact that the platform shifted that the platform was not securely fastened to the forklift. Respondent points to affidavit evidence by the claimant indicating that only one chain secured the platform to the lift, and that the mere shift of his body weight was enough to cause the tilt. Respondent also points out that the claimant's co-worker, Dave Flory, testified that there were only two, two-inch straps on each fork of the lift, with only an S-hook on the chain connecting the platform to the lift. Finally, respondent contends that the "one time malfunction" test does not apply to these facts because there was no evidence that the platform was securely fastened as required by Ohio Adm. Code 4121:1-5-13(F)(4)(a).
 {¶ 6} Relator was cleaning walls of a grinder room and was using a platform hoisted into position by a forklift. The platform was three feet by five feet and had a rail at a height of 36 inches, as well as a mid-rail. On the underside of the platform were two, two-inch wide metal straps into which each fork of the lift were to be inserted. The workers inserted the forks into the straps and attached the platform to the forklift with a chain and S-hook. The claimant moved to his left, the platform tilted and he fell over the guardrail landing on the floor 20 feet below.
 {¶ 7} The commission was within its discretion in finding that a VSSR had occurred. "[I]n determining the merits of a VSSR claim, the commission * * * may draw reasonable inferences and rely on his or her own common sense in evaluating the evidence." State ex rel. Supreme Bumpers, Inc. v. Indus. Comm., 98 Ohio St.3d 134, 143, 2002-Ohio-7089, citing State ex rel. Burton v. Indus. Comm. (1989), 46 Ohio St.3d 170,172. It was reasonable for the commission to infer that a "securely fastened" platform would not have tilted, and that two, two-inch straps, one hook and one chain were not sufficient to securely fasten the platform so it would not tilt when a worker shifted his weight. Given the lack of evidence that the platform was securely fastened, relator cannot rely upon the one time malfunction defense.
 {¶ 8} Finally, we agree with the magistrate that the commission abused its discretion in applying Ohio Adm. Code 4121:1-5-25 to these facts, but that the decision rendered herein is sufficient to preserve relator's argument that claimant did not prove the applicability of Ohio Adm. Code 4121:1-5-25 without the issuance of a writ ordering the commission to vacate this particular finding. Upon a review of the magistrate's decision and an independent review of the record, this court adopts the magistrate's decision as its own. Relator's objections are overruled, and the requested writ of mandamus is denied.
Objections overruled, writ of mandamus denied.
BRYANT and LAZARUS, JJ., concur.
 IN MANDAMUS {¶ 9} Relator, Graco Children's Products, Inc. ("Graco") filed this original action asking the court to issue a writ of mandamus compelling respondent Industrial Commission of Ohio to vacate its order granting the application of respondent William D. Ramey for an additional award of compensation based on a violation of a specific safety requirement ("VSSR"), and to issue a new order denying the application.
Findings of Fact:
 {¶ 10} 1. On September 12, 2000, William D. Ramey ("claimant") was cleaning the walls of the grinder room at his place of employment, along with a co-worker, David Flory. Claimant had not performed this task previously.
 {¶ 11} 2. Claimant decided to use a work platform that could be lifted into place by a forklift. The workers called the platform the "man cage."
 {¶ 12} 3. The platform was five feet long and three feet wide. It had rails, including a top rail at a height of 36 inches and a mid-rail. On the underside, the platform had two straps, each made from a two-inch-wide strip of metal, for inserting the forks of the life.
 {¶ 13} 4. The workers inserted the forks into the straps and attached the platform to the lift with a chain and an S-hook. Claimant entered the platform, and Flory operated the lift. Claimant was about twenty feet above the ground when he reached over to his left. The platform tilted. Claimant fell over the side rail, and struck a barrel as he fell to the ground. The platform crashed to the ground but did not hit claimant. Claimant sustained injuries including a skull fracture and brain damage.
 {¶ 14} 5. The employer certified a workers' compensation claim.
 {¶ 15} 6. Claimant filed a VSSR application and amended it, alleging violations of Ohio Adm. Code 4121:1-5-13(F)(4)(a), 4121:1-5-25(A), and 4121:1-5-25(C)(3).
 {¶ 16} 7. The Bureau of Workers' Compensation investigated and issued a report, including photographs, a letter from Graco regarding changes to the platform, and affidavits from witnesses. After the accident, a witness noted that "one of the fork mounts on this man cage was broken."
 {¶ 17} 8. Graco states that the platform had been used for more than ten years without incident. After the accident, Graco replaced bent rails, added toeboards and installed metal guides under the platform, made of box tubing, into which the forks would slide, and also added a stronger chain with locking clasps. Claimant's supervisor stated that she asked claimant and Flory to clean the room but gave no instruction to use a forklift or lifting platform, nor was she aware that they were using them.
 {¶ 18} 9. Pursuant to a November 2001 hearing, the commission awarded VSSR compensation, assessing a 20% penalty:
 {¶ 19} "It is further the finding of the Staff Hearing Officer that the injured worker's injury was the result of the employer's failure to properly secure a man cage to a forklift as required by Section 4121:1-5-13(F)(4)(a), of the Code * * *.
 {¶ 20} "The claimant sustained injuries to his head and left shoulder when he fell from a man cage approximately fifteen feet to the floor below. At the time of the fall the claimant was in the process of cleaning the walls of a grinding room with an air hose. The claimant was standing inside of a man cage, which was attached to and elevated by a forklift truck. He reached out over the side of the man cage, which tilted, the claimant lost his balance and fell over the side of the man cage, which also fell behind him to the floor. At the time of claimant's fall the man cage had a 36 inch high guard rail around it, no toeboard, was attached at the bottom to the forks of the lift truck by straps, and the back side was attached to the mast of the forklift truck by chains. The Staff Hearing Officer relies on the affidavit of the claimant, and Mr. David G. Flory, and the pictures from the investigation report, in making the above findings of fact.
 {¶ 21} "Section 4121:1-5-25(C)(4) requires that each platform of an elevated work platform have a guard rail no less than 39 inches above the floor of the platform, an intermediate rail, and a toeboard around its periphery. The evidence on file, specifically the claimant's affidavit, and the investigation report with pictures establishes that as of the time of the claimant's accident, the platform (man cage) on which the claimant was standing did not have a guard rail at least 39 inches above the floor of the platform, and did not have any toeboards. Therefore, the Staff Hearing Officer finds that the employer was in violation of this requirement. The Staff Hearing Officer, however, also finds that this violation was not the proximate cause of the claimant's injury, as the proximate cause is found to be the fact that the work platform (man cage) was not securely fastened to the forklift truck, as discussed more thoroughly below.
 {¶ 22} "Section 4121:1-5-25(A) requires that the employer provide a vehicle that will assure a stable support for the aerial devi[c]e. The employer is not found to have been in violation of this section as there is no evidence that establishes that the forklift truck itself was not a stable support for the man cage the claimant was standing in when he fell. The claimant's fall and resulting injuries were a result of the fact that the elevated platform (man cage) was not securely fastened to the forks and masts of the forklift truck. The truck itself was not moving at the time of the claimant's fall, and did not tip or fall when the claimant and the man cage fell.
 {¶ 23} "Section 4121:1-5-13(F)(4)(a) requires that lift trucks using forks for lifting of personnel have a platform with standard guardrails, intermediate rail and toeboards, all securely fastened to the lifting carriage or forks. In this case the Staff Hearing Officer finds that the platform (man cage) on which the claimant was standing was not `securely' fastened to the forks and the mast of the forklift truck, otherwise it would not have tilted when the claimant leaned over the guardrail, and would not have fallen behind the claimant. The fact that it was not `securely' fastened caused it to tilt when the claimant leaned over the guardrail, and thereafter caused it to fall after the claimant fell over the guardrail, and, therefore, was the proximate cause of the claimant's fall and resultant injuries.
 {¶ 24} "The employer has argued that at worst any violation was a one time malfunction, and, therefore, pursuant to Taylor v. I.C. (1994),70 O. St.3d 445, they are not liable for an award as a result of the violation of this section. Also see M.T.D. Products v. Stebbins (1975),43 O. St.3d 114. They point out that this particular man cage on which the claimant was standing when he was injured had been used many times in the past safely by many different employees. They argue that it was secured to the forks and mast in two ways, and that the fact that it tipped and fell when the claimant was standing on it on the date of injury was a one-time malfunction which has now been corrected by securing box tubing underneath it and using heavier chains. The Staff Hearing Officer however, does not find this defense persuasive. The one-time malfunction defense applies in cases where the employer was clearly in compliance, and then the safety device malfunctions without warning, such as a forklift truck which has an audible horn or back up lights attached as a fixture. The facts in this case involve by definition a temporary arrangement whereby a free standing case is mounted on a forklift truck, which is a different situation altogether. In this type of situation the employer must be responsible for making sure that the platform is not only fastened to the forks and mast, but `securely' fastened, i.e., incapable of being tipped, tilted, or coming loose, everytime [sic] it is used for such purpose. Unless the platform has been securely fastened to begin with, the one time malfunction defense is not found to apply.
 {¶ 25} "It is therefore ordered that an additional award of compensation be granted to the injured worker in the amount of 20 percent of the maximum weekly rate * * *."
 {¶ 26} 10. Graco's motion for rehearing was denied.
Conclusions of Law:
 {¶ 27} The employer, Graco, argues that the commission abused its discretion in granting claimant's VSSR application. The applicable law is set forth in numerous judicial decisions, including State ex rel. Buehler Food Markets, Inc. v. Indus. Comm. (1980), 64 Ohio St.2d 16; State ex rel. Cotterman v. St. Marys Foundry (1989), 46 Ohio St.3d 42; and State ex rel. Watson v. Indus. Comm. (1986), 29 Ohio App.3d 354. In short, the claimant has the burden of establishing that the specific safety requirement was applicable, that it was violated, and that the violation was the cause of the occupational illness or injury. State ex rel. Commercial Lovelace Motor Freight, Inc. v. Lancaster (1986),22 Ohio St.3d 191, 193. Because a VSSR award is a penalty against the employer, all reasonable doubts regarding the applicability of the safety requirement must be resolved against its applicability. State ex rel. Burton v. Indus. Comm. (1989), 46 Ohio St.3d 170.
 {¶ 28} In addition, where an employer has provided equipment that complies with applicable safety requirements, and where the equipment malfunctions for the first time due to an unknown defect, the employer may be excused from VSSR liability in some circumstances. See State ex rel. Taylor v. Indus. Comm. (1994), 70 Ohio St.3d 445; State ex rel. M.T.D. Products v. Stebbins (1975), 43 Ohio St.3d 114.
 {¶ 29} In the present action, the commission determined that the employer committed several violations but that only two satisfied the element of proximate cause. Either of these violations, if upheld in mandamus, supports the VSSR award. The employer, as relator herein, has the burden of proof in mandamus of establishing an abuse of discretion by the commission. State ex rel. Ellis v. Indus. Comm. (1990)53 Ohio St.3d 64.
 {¶ 30} The employer contends that the commission abused its discretion: (1) in finding a violation of 4121:1-5-13(F)(4)(a) because the commission failed to cite sufficient evidence to support its finding that the platform was not "securely fastened" to the forklift; (2) in finding that Ohio Adm. Code 4121:1-5-25 was applicable to the forklift/platform combination; and (3) in failing to find that this accident was caused by a "first-time malfunction" for which the employer may not be penalized.
 {¶ 31} Ohio Adm. Code 4121:1-5-13(F) provides:
 {¶ 32} "(4) Lifting of personnel.
 {¶ 33} "Lift trucks equipped with a vertical only, or vertical and horizontal travel controls using a lifting carriage or forks for lifting of personnel shall:
 {¶ 34} "(a) Have a platform with standard guardrails, intermediate rail, and toeboards, and a mast guard seventy-two inches in height, all securely fastened to the lifting carriage or forks * * *."
 {¶ 35} Under Ohio Adm. Code 4121:1-5-01(B)(136), a platform is "securely fastened" if it is "substantially fixed in place."
 {¶ 36} Graco argues that there is no evidence that the platform was not securely fastened to the forks of the lift. It contends that the commission assumed a safety violation from the mere occurrence of an accident. Graco contends that the commission abused its discretion in relying "on the effect (tilting) to prove the cause (fastening that was not secure), when the cause might have been something entirely different."
 {¶ 37} The magistrate agrees that the occurrence of an accident does not necessarily mean that a safety requirement has been violated. However, the magistrate concludes that, in this case, the commission did not assume a violation from the mere fact of an accident. Rather, the commission found that the elevated platform was not securely fastened to the forklift because the worker's act of reaching to the side caused the platform to tilt. There is no reason that the general principles of cause and effect do not apply. Under the facts in this case, a reasonable finder of fact could conclude that the tilting of the platform — when claimant reached to the side — demonstrated that the platform was not securely fastened to the forklift. This does not appear to be circular reasoning. The evidence before the commission, consisting of witness statements and photographs, constituted some evidence to support the commission's conclusion. Therefore, the commission's rationale does not constitute an abuse of discretion.
 {¶ 38} As to the defense of first-time malfunction, the employer relies on Taylor and Stebbins, supra. However, the facts here are dissimilar to the those in the cited decisions, in several respects. Here, the employer was not in compliance with all safety requirements in the first place. Further, any wear, breakage or loosening of the metal straps, which had been in use for more than a decade, would have been readily discoverable. In addition, the employer altered the platform immediately after the accident, precluding examination by the bureau and claimant's representative, and the employer itself provided no report of a detailed examination of the platform before it was altered. Given the record before the court, the magistrate concludes that the employer has not proven in mandamus that it was entitled to this defense as a matter of law.
 {¶ 39} Because the commission was within its discretion to conclude that the employer's violation of Ohio Adm. Code 4121:1-5-13(F)(4) was a proximate cause of the injury, the commission was within its discretion to grant a VSSR award. However, the employer argues that the court in mandamus should also address the alternative basis for the commission's decision. The employer argues that, even if the award is upheld, a writ is necessary to compel the commission to vacate its finding that Ohio Adm. Code 4121:1-5-25 was applicable, because that finding might be used to support a civil penalty in other proceedings.
 {¶ 40} Accordingly, the magistrate addresses the commission's determination that the forklift/platform combination was an "aerial device" subject to the requirements in Ohio Adm. Code 4121:1-5-25. An "aerial device" is defined as "any vehicle-mounted telescoping or articulating device which is used to position personnel at job sites." Ohio Adm. Code 4121:1-5-01(B)(3).
 {¶ 41} In the subject order, the commission applied section 4121:1-5-25, which governs aerial devices, but it did not explain whether the forklift/platform was a "telescoping" device or an "articulating" device. Moreover, there is no evidence in the record to establish that the forklift raised the platform by means of a telescoping or articulating device, nor is the matter so patent that evidence would be unnecessary. In contrast, the record shows that the forklift/platform was clearly a lift truck equipped with vertical lifting capability that used forks for lifting personnel. Therefore, the applicable safety requirements were those in Ohio Adm. Code 4121:1-5-13, not those in Ohio Adm. Code 4121:1-5-25. The commission had no evidentiary basis for applying Ohio Adm. Code 4121:1-5-25 and accordingly abused its discretion in applying that section.
 {¶ 42} In sum, the magistrate concludes that the employer has not met its burden of proving in mandamus that the commission abused its discretion in awarding VSSR compensation for a violation of Ohio Adm. Code 4121:1-5-13. Therefore, the magistrate recommends that the court deny the requested writ. The abuse of discretion regarding Ohio Adm. Code 4121:1-5-25
does not remove the basis for the VSSR award and does not, therefore, require the issuance of a writ.
 {¶ 43} The employer argues, however, that even if the court upholds the VSSR award, it should order the commission to vacate the finding that Ohio Adm. Code 4121:1-5-25 was applicable because that finding might be used as a prerequisite to a civil penalty in other proceedings. The magistrate concludes that, to the extent that the employer might, at some point, be a party in other proceedings, a decision from this court, concluding that claimant did not prove administratively that Ohio Adm. Code 4121:1-5-25 was applicable, should be sufficient to protect the employer without the issuance of a writ requiring the commission to issue a new order omitting part of its rationale.